STATE of Iowa, Appellee,

v.

Soloman GIBBS, Appellant.

No. 58075.

Supreme Court of Iowa.

March 17, 1976.

Ulstad, Guinan & Cornell, Fort Dodge, for appellant.

Richard C. Turner, Atty. Gen., Thomas J. Mann, Jr., Asst. Atty. Gen., Des Moines and William J. Thatcher, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, UHLENHOPP, REYNOLDSON, and McCORMICK, JJ.

REYNOLDSON, Justice.

Defendant appeals following his conviction for possession of a controlled substance, asserting the State should have been required to prove, as an element of the offense, that he did not have a valid prescription for the drugs found in his possession.

November 8, 1974, Fort Dodge police, executing a warrant, arrested defendant for assault and battery. Defendant was driven to the police headquarters. As he got out of the squad car, one of the officers saw him pull something out of his pocket and tuck it into the seat behind him. The police retrieved the packet. When the enclosed material was tested it was determined to be amphetamines. Defendant was charged with possession of a schedule II controlled substance, a violation of § 204.401(3), The Code. The jury found him guilty and he was sentenced to 30 days in jail.

The State produced no evidence regarding defendant's lack of prescription for the amphetamines. Defendant rested his case without producing any evidence.

Defendant carefully preserved the above issue at trial. He relies on the relevant language of § 204.401(3), The Code:

"It is unlawful for any person knowingly or intentionally to possess a controlled substance *unless such substance was obtained directly from, or pursuant to, a valid prescription* * * * or except as otherwise authorized by this chapter." (Emphasis supplied.)

The State argues defendant was obligated to prove he had a prescription, if in fact he had one, by virtue of § 204.507(1), The Code:

"It is not necessary for the state to negate any exemption or exception set forth in this chapter in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding under this chapter. The proof of entitlement to any exemption or excep-tion by the person claiming its benefit shall be a valid defense."

Defendant argues this statute does not apply to the § 204.401(3) provision relating to a prescription, but only to the exceptions found elsewhere in the chapter, in view of the language "except as otherwise authorized by this chapter." He alternatively asserts § 204.507(1) is unconstitutional because it conflicts with the principle which imposes on the State the burden to prove defendant guilty beyond a reasonable doubt.

I. In 1946 this court, confronted with the issue whether the State had the burden to negate a statutory "exception" in a criminal enactment, in absence of proof or claim by defendant invoking the "exception", observed this was "one of the most frequent problems in criminal procedure, yet often one of the most baffling." *State v. Demarce,* 237 Iowa 648, 649, 23 N.W.2d 441, 442 (1946); see Annot., 153 A.L.R. 1218. The subsequent experience of thirty years has not simplified the problem.

In all these cases we must first determine whether the provision under scrutiny is an element of the offense. If it is, the burden of going forward with the evidence as well as the ultimate burden of persuasion is on the prosecution. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged"); *State v. Baych,* 169 N.W.2d 578, 584 (Iowa 1969).

Consequently, all such inquiries are directed toward discovery and implementation of legislative intent. Here the legislative intent to secure "the regulation and control of certain drugs and other substances affecting the public health," Laws 64th G.A., First Session, Ch. 148, p. 305, was carried out by prohibiting the knowing possession of defined drugs and substances except under certain specified conditions, e. g.,

possession pursuant to valid prescription, possession of a common carrier in the usual course of business, possession pursuant to registration as manufacturer, distributor, dispenser or researcher.

■ As we view § 204.401(3), The Code, the prescription exception, which would affect the most people was, for purposes of convenience, intentionally incorporated in the text rather than other exception provisions of chapter 204. Despite the inclusion of this provision near the prohibitory language, we nonetheless determine it is an exception and not an element of the offense. See *State v. Bruno*, 204 N.W.2d 879, 883 (Iowa 1973).

■ Our conclusion is fortified not only by a study of the overall thrust of this enactment, but by application of the rule that where satisfaction of such a requirement may be provided by objective facts inaccessible as a practical matter to the prosecution but peculiarly within defendant's knowledge, the exceptive provision is ordinarily categorized as a defense or justification and not an element of the offense itself. *Williams v. United States*, 78 U.S. App.D.C. 147, 138 F.2d 81, 82 (1943); *People v. Martinez*, 117 Cal.App.2d 701, 708, 256 P.2d 1028, 1033 (1953); *Commonwealth v. Stawinsky*, 234 Pa.Super. 308, 339 A.2d 91, 92 (1975); see *Holland v. United States*, 348 U.S. 121, 138, 75 S.Ct. 127, 137, 99 L.Ed. 150, 166 (1954); *United States v. Penosi*, 452 F.2d 217, 220 (5 Cir.), cert. denied, 405 U.S. 1065, 92 S.Ct. 1495, 31 L.Ed.2d 795 (1972). It is rational to assume the legislature, in creating a statutory offense, did not intend to include as an element a requirement so impossible of initial prosecution proof as to foreclose enforcement of the statute.

II. The issue defendant raises here could be summarily treated under *State v. Morris*, 227 N.W.2d 150 (Iowa 1975), where the same assertions were rejected, were it not for the more recent decisions in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) and *State v. Monroe*, 236 N.W.2d 24 (Iowa 1975).

In *Morris* the court had before it a defendant's claim the State had not proved his possession of marijuana because it had failed to show plant material seized from him was not such part of the cannabis plant exempted or excepted from the statutory definition, i. e., "mature stalks of the plant." We quoted with approval from *People v. Hudson*, 130 Ill.App.2d 1033, 266 N.E.2d 481, 486 (1971), rev'd. on other grounds, 50 Ill.2d 1, 276 N.E.2d 345 (1971), cert. denied, 405 U.S. 965, 92 S.Ct. 1176, 31 L.Ed.2d 241 (1972), where the Appellate Court of Illinois, considering an Illinois statute almost identical to § 204.507(1), The Code, said:

> "No burden is put upon the State, with respect to an exception, until such time as the defendant introduces evidence to show that an exception is applicable." —227 N.W.2d at 154.

We concluded in *Morris*, 227 N.W.2d at 154,

> "Since defendant failed to produce evidence as to any statutory exemption or exception, his instant contention is without merit."

*Morris* finds support in decisions from other jurisdictions. *Hall v. State*, 291 Ala. 397, 281 So.2d 662 (1973); *State v. Jung*, 19 Ariz.App. 257, 506 P.2d 648 (1973); *People v. Martinez, supra; People v. Meyers*, 182 Colo. 21, 510 P.2d 430 (1973); *Butler v. State*, 289 N.E.2d 772 (Ind.App.1972); *People v. Moore*, 30 Mich.App. 451, 186 N.W.2d 788 (1971); *State v. Karathanos*, 158 Mont. 461, 493 P.2d 326 (1972); *State v. Conley*, 32 Ohio App.2d 54, 288 N.E.2d 296 (1971); *State v. Stawinsky, supra; State v. Singleton*, 9 Wash.App. 399, 512 P.2d 1119 (1973).

In *Mullaney*, supra, the United States Supreme Court was concerned with Maine's treatment of issues in the trial of a common-law crime (murder) in which defendant, to escape conviction for murder, was required to carry the burden of persuasion that he acted in the heat of passion on sudden provocation. The *Mullaney* court preserved the concept articulated in *Morris*,

supra, which imposed on defendant the initial burden of going forward with the evidence:

"Many states do require the defendant to show that there is 'some evidence' indicating that he acted in the heat of passion before requiring the prosecution to negate this element by proving the absence of passion beyond a reasonable doubt. (Citations) Nothing in this opinion is intended to affect that requirement." *Mullaney v. Wilbur*, supra, 421 U.S. at 701, 95 S.Ct. at 1891, 44 L.Ed.2d at 521, n.28.

In *State v. Monroe*, supra, 236 N.W.2d at 37 we interpreted *Mullaney* to mean "an issue such as defendant's *mens rea* is an element of the offense and cannot be converted to an issue affecting only mitigation of punishment." We there held § 204.410, The Code, unconstitutional to the extent it directly imposed on defendant the burden to prove his specific intent to only accommodate in a delivery or possession-with-intent-to-deliver situation. See § 204.401(1), (2), The Code.

We conclude there is nothing in *Mullaney* or *Monroe* which requires us to modify our holding in *Morris*. Where, as here, defendant introduces no evidence indicating he is within the prescription exceptions, there is no burden on the State under *Winship, Mullaney* or *Monroe* to negative the exception. Constitutionally construed in light of those decisions, the reach of § 204.507(1) must be limited to a requirement that defendant produce some evidence he is within a statutory exception before the State is obligated to assume the burden to negate the exception beyond a reasonable doubt. See *State v. Thomas*, 219 N.W.2d 3, 5 (Iowa 1974); LaFave & Scott, Criminal Law, 539–540 (1972); McCormick, Evidence § 341 at 800–802 (2d ed.1972); Perkins on Criminal Law 49–51 (2d ed. 1969).

We find no error. The judgment below is affirmed.

AFFIRMED.