**STATE of Iowa, Appellee,**

v.

**Norman MOORHEAD and Linda Moorhead, Appellants.**

**No. 65330.**

Supreme Court of Iowa.

July 15, 1981.
Rehearing Denied Aug. 21, 1981.

Craig R. Hastings, Ames, for appellants.

Thomas J. Miller, Atty. Gen., and Thomas N. Martin and Steven G. Norby, Asst. Attys. Gen., for appellee.

David C. Gibbs, Jr., and Charles E. Craze of Gibbs & Craze, Parma Heights, Ohio, for amicus curiae Christian Law Ass'n.

Edgar H. Bittle and Edward W. Remsburg of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for amicus curiae Iowa Ass'n of School Boards, Inc.

SCHULTZ, Justice.

Defendants, Norman and Linda Moorhead, appeal from their simple misdemeanor convictions of violating the compulsory education requirements of section 299.1, The Code 1979. We affirm.

On October 16, 1979, defendants were charged by a document entitled "information" with failing to cause two of their children, Janese and Kirk, to attend the schools of the Southeast Warren Community School District in violation of section 299.1, The Code. That provision provides:

> Any person having control of any child over seven and under sixteen years of age, in proper physical and mental condition to attend school, shall cause said child to attend some public school for at least twenty-four consecutive school weeks in each school year, commencing with the first week of school after the first day of September, unless the board of school directors shall determine upon a later date, which date shall not be later than the first Monday in December.
>
> The board may, by resolution, require attendance for the entire time when the schools are in session in any school year.
>
> In lieu of such attendance such child may attend upon equivalent instruction by a certified teacher elsewhere.

Violation of section 299.1 is a simple misdemeanor. § 299.6, The Code 1979.

A jury trial was held on January 17, 1980, in the Magistrate Division of the Warren District Court. The jury returned a verdict of guilty, and defendants appealed to the

Warren District Court, which affirmed the verdict. We granted defendants' application for discretionary review.

Defendants contend:

1. The document charging them was defective.

2. The trial court erred in overruling their motion for a directed verdict and in denying their requested instruction on burden of proof.

3. Section 299.1 is unconstitutionally vague.

4. Chapter 299 is unconstitutional because it: (a) violates their right to free exercise of religion; (b) creates an irrebuttable presumption; and (c) attempts to define religion and improperly classify religions.

■ I. *Defective charging document.* Defendants argue that since the charging document was entitled "information," rather than "complaint," it was fatally defective. This argument is clearly untenable.

Iowa R.Crim.P. 35 provides: "Prosecutions for simple misdemeanors must be commenced by filing a subscribed and sworn to *complaint* with a magistrate or district court clerk or the clerk's deputy." (emphasis added). Section 801.4(11), The Code 1979, provides:

"Complaint" means a statement in writing, under oath or affirmation, made before a magistrate or district court clerk or clerk's deputy as the case may be, of the commission of a public offense, and accusing someone thereof. A complaint shall be *substantially* in the form provided in the Iowa rules of criminal procedure.

(emphasis added). Iowa R.Crim.P. 36 specifies the contents of a complaint. The document at issue complied with the contents requirements of rule 36. Although the document was erroneously entitled "information,"

This court has a long history of not reversing on the ground of technical defects in procedure unless it appears in some way they have prejudiced the complaining party or deprived him or her of full opportunity to make defense to the charge . . . .

*State v. Smith,* 282 N.W.2d 138, 141 (Iowa 1979). Defendants have not shown that they were in any way prejudiced by the mislabeling of the charging document. The document was "substantially in the form provided by the Iowa rules of criminal procedure," as provided in section 801.4(11) and was not fatally defective.

II. *Burden of proof.* The last sentence of section 299.1 provides: "In lieu of such attendance such child may attend upon equivalent instruction by a certified teacher elsewhere." Defendants contend that this is an essential element of the crime charged, and that the State was therefore required to prove beyond a reasonable doubt that their children were not attending school by receiving equivalent instruction from a certified teacher.

Defendants first raised this issue by moving for a directed verdict at the close of the State's case alleging that the State had failed to meet its burden of proof. The trial court reserved ruling on the motion and instructed the jury that the State had the burden to prove that defendants did not cause their children to attend public school, and that it was a defense to the charge if in lieu thereof the children attended school "upon equivalent instruction by a certified teacher elsewhere." The trial court refused to give defendants' requested instruction that would have placed the burden on the State to prove that the children did not receive such equivalent instruction.

Thus, the issue is whether the alternative method of instruction contained in the last sentence of section 299.1 constitutes an element of the offense or an affirmative defense. If it is an element of the offense, the burden of going forward with the evidence as well as the ultimate burden of persuasion was on the State. *State v. Gibbs,* 239 N.W.2d 866, 867 (Iowa 1976). If it was an affirmative defense, however, the State was not required to go forward with evidence to negate the alternative method of instruction until defendants introduced sufficient evidence to show that the defense

was applicable.[1] *Id.* at 868; *State v. Morris*, 227 N.W.2d 150, 154 (Iowa 1975). Determination of this issue is a matter of legislative intent, *see State v. Gibbs*, 239 N.W.2d at 867, and we conclude, as we did in *Gibbs*, that the language in question is an exception to, rather than an element of, the offense.

■ In determining legislative intent or ascribing meaning to a criminal statute, we may consider the objects or purpose the legislation seeks to obtain. *State v. Sullivan*, 298 N.W.2d 267, 271 (Iowa 1980); *see* § 4.6, The Code. Our Constitution dictates public education for all children. *See* Iowa Const. art. IX, § 12 ("The Board of Education shall provide for the education of all youths of the State, through a system of Common Schools . . . ."). *See also* chs. 257, 260, 272A–B, 297–302, The Code 1979. We therefore conclude that the alternative method of instruction is an exception to the legislature's principal objective of public education through public schools.

Defendants did not produce any evidence of "equivalent instruction by a certified teacher elsewhere." However, defendants contend that the State's own evidence placed the defense in issue and required the State to prove that their children were not receiving such equivalent instruction. While we agree that the prosecution's evidence can place an affirmative defense in issue, the State's evidence did not do so in the present case.

■ The burden of going forward with the evidence is on the defendant to show the applicability of a defense. *State v. Morris*, 227 N.W.2d at 154. Relevant evidence must be produced to "make apparent the materiality of the law claimed applicable thereto." *State v. Lamar*, 210 N.W.2d 600, 606 (Iowa 1973). Thus, sufficient evidence must be produced to show the exception is applicable.

■ In this case the State's evidence did not show that defendants' children received equivalent instruction from a certified teacher. Superintendent Larry R. Nulph testified that he had been advised defendants' children were taking a home correspondence course and looked at one or two of the course's books. There was no evidence of who the teacher was or of his or her qualifications. Also, there was no evidence concerning equivalence of instruction. The evidence was therefore insufficient to show the defense was applicable.

III. *Vagueness.* Defendants contend that the language "equivalent instruction by a certified teacher elsewhere" contained in the last sentence of section 299.1 is unconstitutionally vague on its face in violation of the fourteenth amendment to the United States Constitution. They point out that the terms "equivalent instruction" and "certified teacher" are not expressly defined by statute or case law and argue that the contested phrase does not reasonably inform them of the conduct prohibited by section 299.1. This issue was first raised by a pretrial motion to dismiss, and the alleged error was therefore preserved for appeal. *State v. Allen*, 304 N.W.2d 203, 206 (Iowa 1981).

Principles applicable when statutes are under constitutional attack appear in *State v. Sullivan*, 298 N.W.2d at 270, *State v. Jaeger*, 249 N.W.2d 688, 690–91 (Iowa 1977), and *State v. Aldrich*, 231 N.W.2d 890, 894 (Iowa 1975), and need not be repeated here.

In *Knight v. Iowa District Court*, 269 N.W.2d 430 (Iowa 1978), this court articulated a two-step due process standard for determining whether a penal statute, which must be strictly construed, is unconstitutionally vague: "(1) It must give a person of ordinary intelligence fair warning of what is prohibited, and (2) it must provide explicit standards for those who enforce it." *Id.* at 432. The court also stated:

1. We need not consider here the question whether a statute may, constitutionally, expressly place the burden of persuasion on a defendant to prove an affirmative defense that does not negate an essential element of the crime charged. *See Patterson v. New York*, 432 U.S. 197, 215, 97 S.Ct. 2319, 2329, 53 L.Ed.2d 281, 295 (1977).

Literal exactitude or precision is not necessary. Due process requires no more than a reasonably ascertainable standard of conduct.

If the statute's meaning is fairly ascertainable by reliance on generally accepted and common meaning of words used, or by reference to the dictionary, related or similar statutes, the common law, or previous judicial constructions, due process is satisfied.

*Id.* (citations omitted).

■ A. *Certified teacher.* Defendants contend that it is unclear whether the term "certified teacher" means that the teacher must be "certified" by a licensing agency or merely "competent." We find no merit in this argument.

Section 257.10(11), The Code, invests the State Board of Public Instruction with authority over certification of instructional personnel. Chapter 260, The Code, and 670 I.C.A. chs. 13–17 deal extensively with the requirements of teacher certification. These related provisions provide an ascertainable definition of the term "certified teacher." The term should cause no difficulty for citizens who desire to obey the statute.

■ B. *Equivalent instruction.* The term "equivalent" is defined to mean "equal in force or amount . . .: like in signification or import . . .: equal in value." Webster's Third New International Dictionary 769 (unabridged 1966). A fair reading of section 299.1 indicates that the term "equivalent instruction" refers back to the use of "public school" in paragraph one. Thus, "equivalent instruction" is instruction which is equal in kind and amount to that provided in the public schools.

■ Section 257.25, The Code, establishes detailed curriculum requirements for public and nonpublic schools. This provision establishes reasonable guidelines for determining the meaning of "equivalent instruction."

The contested phrase meets the two-step standard of *Knight*; accordingly, it is not unconstitutionally vague on its face.

IV. *Other constitutional claims.* In their pretrial motion to dismiss, defendants alleged that chapter 299 is unconstitutional because it violates their right to free exercise of religion under the first and fourteenth amendments to the United States Constitution. After the State presented its case-in-chief at trial, defendants moved for a directed verdict and rested; they did not present any evidence of their religious beliefs or of the manner in which chapter 299 interferes with the exercise of those beliefs.

■ A party challenging a compulsory education law as violating the free exercise clause of the first amendment has the burden to show how the law infringes upon the party's religious beliefs. *Wisconsin v. Yoder*, 406 U.S. 205, 235–36, 92 S.Ct. 1526, 1543, 32 L.Ed.2d 15, 36–37 (1972). Defendants' failure to present evidence on this issue is dispositive; they have not sustained their burden.

■ Defendants also contend: (1) that if the last sentence of section 299.1 is construed to require instruction by a person with an Iowa teacher's certificate, it is unconstitutional because it creates an irrebuttable presumption, and (2) chapter 299 is unconstitutional because it attempts to define and improperly classify religions, both in violation of the first and fourteenth amendments to the United States Constitution.

These objections were not raised in defendants' motion to dismiss. Nor does the record show that they were raised at any other time prior to this appeal.

"We have held that 'in order to preserve for review any alleged error in ruling on the constitutionality of a statute, the party challenging the statute must do so at the earliest available opportunity in the progress of the case.'" *State v. Allen*, 304 N.W.2d at 206 (quoting *State v. Ritchison*, 223 N.W.2d 207, 214 (Iowa 1974)). Matters not raised before the trial court cannot be raised for the first time on appeal, *State v. DeBerg*, 288 N.W.2d 348, 351 (Iowa 1980), including constitutional issues, *State v. Holmes*, 276 N.W.2d 823, 828 (Iowa 1979).

Since defendants did not raise these issues at trial, error has not been preserved, and there is nothing for us to decide.

We have thoroughly examined all of defendants' assignments of error and find them to be without merit. The judgment of the district court is therefore affirmed.

AFFIRMED.

All Justices concur except ALLBEE, J., who takes no part.