STATE of Iowa, Appellee,

v.

Raymond BOLAND, Appellant.

STATE of Iowa, Appellee,

v.

Merle BOLAND, Appellant.

No. 64826.

Supreme Court of Iowa.

Aug. 26, 1981.

James U. Mellick, Waukon, for appellants.

Thomas J. Miller, Atty. Gen., Richard L. Cleland and Thomas N. Martin, Asst. Attys. Gen., and Gary Mick, Asst. Clayton County Atty. for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McGIVERIN, LARSON, and SCHULTZ, JJ.

McGIVERIN, Justice.

Raymond and Merle Boland challenge their convictions for possessing raccoons out of season in violation of section 109.38, The Code 1977. They contend that section 109.-31, which placed the burden of persuasion on them to prove that the raccoons were lawfully taken outside of Iowa, violates their constitutional right to due process. We affirm.

On November 3, 1978, the Bolands were arrested on the Iowa side of the Mississippi River. They had five dead raccoons in their boat. The hunting season for raccoons did not open in Iowa until November 4. 290 I.A.C. § 100.3. The Wisconsin raccoon season was open and Bolands claimed they got the animals there.

The defendants were convicted in magistrate's court of possessing raccoons out of season. They appealed to a district court judge. *City of Webster City v. Draheim*, 292 N.W.2d 406, 408 (Iowa 1980); Iowa R.Crim.P. 54. After a jury trial anew, defendants were again convicted. The court sentenced them each to fifteen days in jail for this simple misdemeanor. § 109.32. The court also suspended their Iowa hunting privileges for three years, section 110.-14, The Code 1977, and entered judgment of $125 in favor of the State as liquidated damages for the furs. § 109.130(3). We granted their applications for discretionary review. § 814.6(2)(d), The Code 1979.

In instructing the jury, the court placed the burden of persuasion on defendants to prove that the raccoons were lawfully taken outside of Iowa and lawfully brought into the state. By statute, the legislature has placed this burden on defendants. § 109.31. Bolands contend that the statute on its face, and the instruction based on it, violated their due process rights because it shifted the burden of persuasion to them to disprove an essential element of the crime. U.S.Const. Amends. V, XIV; Iowa Const. Art. I, § 9.

Principles guiding our review of their constitutional challenge were recently stated in *State v. Sullivan*, 298 N.W.2d 267, 270 (Iowa 1980). Bolands carry the heavy bur-

den to rebut a strong presumption of constitutionality. *Id.* Although this court is the final arbiter of the Iowa Constitution, similar provisions of the state and federal constitutions "are usually deemed to be identical in scope, import and purpose." *State v. Davis,* 304 N.W.2d 432, 434 (Iowa 1981); *Redmond v. Ray,* 268 N.W.2d 849, 852 (Iowa 1978).

Due process requires that the State prove beyond a reasonable doubt "every fact necessary to constitute the crime . . . charged." *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970); *see State v. Allen,* 293 N.W.2d 16, 20 (Iowa 1980). Bolands contend that by placing the burden of persuasion on them to prove the raccoons were lawfully taken elsewhere, the State is relieved of its requirement to prove the essential elements of the offense.

Section 109.38, under which defendants were charged and convicted, defines the essential elements of the offense. That statute provides, "It shall be unlawful for any person to . . . possess . . . fur-bearing animals" out of season "except . . . as provided by the Code." *See also* § 109.87. Section 109.40 defines a raccoon as a fur-bearing animal. The elements of this simple misdemeanor, therefore, are (1) possession in Iowa (2) of fur-bearing animals (3) out of season. These are the elements the State must prove beyond a reasonable doubt to convict for this offense. The statutory definition does not require that the State prove the animals were not taken lawfully outside of Iowa.

Apart from the elements of the crime, the legislature has provided for an affirmative defense. Section 109.31 provides, "It shall be lawful for any person . . . to have in possession . . . game lawfully taken outside the state and lawfully brought into the state, but the burden of proof shall be upon the person in such possession to show that such . . . game was lawfully killed and lawfully brought into the state." Thus the legislature expressly placed the burden of proving this defense on the defendant. § 109.31. This affirmative defense does not

serve to negate an element of the offense of possessing game out of season. Therefore, we do not have the problem presented in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). There the Supreme Court held that due process prevented the state from shifting the burden of persuasion to defendant to disprove a fact the state "deems so important that it must either be proved or presumed" as an element of the offense. *Patterson v. New York,* 432 U.S. 197, 215, 97 S.Ct. 2319, 2329, 53 L.Ed.2d 281, 295 (1977). In Bolands' case, they are not being required to disprove an element of the offense. The question, therefore, is whether they may constitutionally be required to prove this affirmative defense in a prosecution for possessing raccoons in Iowa out of season.

Ordinarily, the legislature has wide latitude in recognizing affirmative defenses and allocating the burden of proving those defenses. *See Patterson,* 432 U.S. at 210, 97 S.Ct. at 2327, 53 L.Ed.2d at 292. If the legislature chooses to enact an affirmative defense, the State does not assume the burden of disproving it "if in the [legislature's] judgment this would be too cumbersome, too expensive, or too inaccurate." *Id.* at 209, 97 S.Ct. at 2326, 53 L.Ed.2d at 291.

There are constitutional limits, however, to the legislature's authority to allocate the burden of proving an affirmative defense. *Id.* at 210, 97 S.Ct. at 2327, 53 L.Ed.2d at 292. The legislature may not, for example, provide that a person is guilty upon proof by the state of his identity and his indictment for a crime. *Tot v. United States,* 319 U.S. 463, 469, 63 S.Ct. 1241, 1246, 87 L.Ed. 1519, 1525 (1943). Generally, however, due process allows the shifting of the burden of proof of affirmative defenses to the defendant if "upon a balancing of convenience or of the opportunities for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression." *Morrison v. California,* 291 U.S. 82, 89, 54 S.Ct. 281, 284, 78 L.Ed. 664, 669 (1934).

Bolands do not contend that the legislature could not make it a crime to possess raccoons in Iowa out of season. We believe the legislature may have concluded that in view of the difficulty of proving where game was taken and the need to protect Iowa's game, the burden of proving the affirmative defense should be placed on the defendant. It is not for us to substitute our judgment on the wisdom of recognizing the defense or allocating its burden of proof. Due process does not require the State to "disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of the accused." *Patterson*, 432 U.S. at 210, 97 S.Ct. at 2327, 53 L.Ed.2d at 292.

We recognize that in Iowa this court has placed the burden on the State to disprove certain affirmative defenses properly raised by the defendant. *E. g., State v. Moorhead*, 308 N.W.2d 60, 63 (Iowa 1981) (equivalent instruction); *State v. Reese*, 272 N.W.2d 863, 867 (Iowa 1978) (necessity); *State v. Cooper*, 248 N.W.2d 908, 910 (Iowa 1976) (entrapment); *State v. Gibbs*, 239 N.W.2d 866, 869 (Iowa 1976) (prescription for drugs); *State v. Vick*, 205 N.W.2d 727, 731 (Iowa 1973) (self-defense). We have held that other defenses, when raised by a defendant, do not relieve the State of the burden of proving the essential elements of the crime. *E. g., State v. Templeton*, 258 N.W.2d 380, 383 (Iowa 1977) (intoxication); *State v. Sallis*, 238 N.W.2d 799, 801 (Iowa 1976) (alibi); *State v. Thomas*, 219 N.W.2d 3, 5 (Iowa 1974) (insanity). These cases offer little support to Bolands' constitutional claim because they were decided on common law grounds. *Hinkle v. State*, 290 N.W.2d 28, 35 (Iowa 1980).

On the issue of competency to stand trial, we have interpreted and upheld statutes placing the burden of persuasion on the defendant. *State v. Pedersen*, 309 N.W.2d 490, 496 (Iowa 1981) (interpreting sections 812.3–.5); *State v. Aumann*, 265 N.W.2d 316, 319–20 (Iowa 1978).

It could be argued that as a matter of consistent state policy, the burden of proving that game was not taken out of state should be on the State. This argument ignores the fact that in regulating possession of fur-bearing animals, the legislature, although not required to, has decided to create an affirmative defense *and* expressly place the burden of proving it on the defendant. Where the legislature has spoken, and its enactment survives a constitutional attack, we should not substitute our view of more consistent state policy. *Aumann*, 265 N.W.2d at 319.

Defendants also claim that the court did not instruct the jury on the standard of proof to establish their defense. We have no record that this issue was raised in the trial court and therefore decline to reach it here. *State v. Moritz*, 293 N.W.2d 235, 244 (Iowa 1980).

Because we find no reversible error, the cases are affirmed.

AFFIRMED.