STATE of Iowa, Appellee,

v.

Kermit E. DELAY, Appellant.

No. 65140.

Supreme Court of Iowa.

June 16, 1982.

---

Emmit J. George, Jr., and Clemens A. Erdahl, II, Iowa City, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Merle Wilna Fleming, Asst. Attys. Gen., and Gerald N. Partridge, Washington County Atty., for appellee.

Considered by UHLENHOPP, P. J., and ALLBEE, McGIVERIN, LARSON, and SCHULTZ, JJ.

ALLBEE, Justice.

Defendant Kermit E. Delay was convicted of assault with intent to inflict serious injury, a violation of sections 708.1 and .2, The Code 1979. The court of appeals, in a 3–2 decision, reversed that conviction and remanded for a new trial. On further review, we vacate the court of appeals decision and reinstate trial court's judgment.

The facts pertinent to our review were stated in the court of appeals per curiam opinion, from which we quote:

Defendant was charged by county attorney's information on November 30, 1979, with two counts of assault with intent to inflict serious injury on two sheriff's deputies. The charges arose out of an incident in which two deputies stopped an automobile on a county road at about 3:30 a.m., November 10, 1979. A jury trial commenced on March 4, 1980, wherein deputy Redlinger testified that in the early morning of November 10, 1979, he and deputy Beal stopped an automobile in which defendant was a pas-

senger and advised the occupants to leave the town of Wellman. Both deputies testified that, later that morning, the same car forced their patrol vehicle off the road, whereupon they pursued the car and stopped it a second time. At that time defendant was driving. Deputy Redlinger ordered defendant to get out of the car, but did not state that defendant was under arrest. When defendant replied "[w]hat for?", the deputy reached into the car and grabbed defendant with some force. Defendant then stomped on the accelerator and the car moved away, causing gravel to strike deputy Beal. The deputies further testified that the car then made a "power turn" and came back towards them, but stopped when the deputies drew their guns. Defendant, in contrast, testified that the car spun around and approached the deputies only after he lost control of it.

Prior to submission of the case to the jury, defendant made an objection to the court's failure to instruct the jury on the issue of justification. Trial court overruled this objection. Closing arguments were unreported and no bill of particulars was filed. During post-argument proceedings, in the chambers, defense counsel objected to several allegedly improper remarks made by the prosecution, particularly a statement by the county attorney that the jury must either believe him or believe that he was suborning perjury. Defense counsel also objected to the county attorney's reference to "hot pursuit" of the defendant, which defense counsel argued was a misstatement of the facts. The case was submitted to the jury which convicted defendant of both counts of assault. Defendant then made a motion for election of charges for the reason that the evidence required to support conviction on one count would suffice to convict on the other count and that a conviction for both would result in double punishment. The State did not resist this motion and elected count I (assault on deputy Beal). Trial court dismissed count II (charge involving the assault on deputy Redlinger). This appeal followed.

Defendant's appeal raises three issues: (1) whether trial court erred in failing to instruct the jury on justification; (2) whether there was sufficient evidence of specific intent for trial court to submit to the jury a cause for assault with intent to inflict serious injury; and (3) whether defendant was denied a fair trial because of improper remarks by the prosecutor during closing argument. We turn now to those issues.

### I. Instruction on justification.

Assault is defined by section 708.1, The Code 1979, as follows:

A person commits an assault when, *without justification*, the person does any of the following:

1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.

2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

3. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

Provided, that where the person doing any of the above enumerated acts, and such other person, are voluntary participants in a sport, social or other activity, not in itself criminal, and such act is a reasonably foreseeable incident of such sport or activity, and does not create an unreasonable risk of serious injury or breach of the peace, the act shall not be an assault.

(Emphasis added.)

Apparently on the basis of the language of the statute, the court of appeals concluded that absence of justification is an element of assault. We believe, however, that justification is an affirmative defense rather than an element of that crime.

■ The question of whether language in a statutory definition constitutes an element of the crime or an affirmative defense has been addressed by this court on a number of occasions. *E.g., State v. Moorhead*, 308 N.W.2d 60, 62–63 (Iowa 1981); *State v. Gibbs*, 239 N.W.2d 866, 867–69 (Iowa 1976). The significance of the distinction between an element and an affirmative defense is that with regard to an element, the State has the burden of going forward with the evidence as well as the ultimate burden of persuasion. *Moorhead*, 308 N.W.2d at 62. By contrast, it is the defendant who has the burden of going forward with evidence of an affirmative defense. There is no burden on the State to negate an affirmative defense unless the defendant meets his initial burden by producing sufficient evidence that the defense applies. *Id.* at 62–63.

In *State v. Sharkey*, 311 N.W.2d 68, 72–73 (Iowa 1981), the defendant objected to the trial court's jury instruction defining assault because it omitted the words "without justification" found in the section 708.1 definition of that crime. Citing the rule that where the record in a prosecution for assault "does not contain substantial evidence of self defense the trial court is not obligated to instruct the jury on justification," *id.* at 72, this court concluded that the record in that case did not contain substantial evidence to generate a fact issue on self-defense, *id.* at 73. Thus, it is clear that justification was treated as an affirmative defense in *Sharkey* because the burden of going forward with the evidence was placed on the defendant.

In stating the rule that no instruction need be given on justification unless the record contains substantial evidence of self-defense, the *Sharkey* opinion cited assault cases which were decided under Iowa's criminal code as it existed prior to its revision in 1978. *See id.* at 72. Before that revision, assault was referred to as a crime in the code, but was not expressly defined, *see, e.g.,* § 694.1, The Code 1977; therefore, the common law definition was used. Nevertheless, for reasons hereafter discussed, it is clear that *Sharkey* was correct in continuing to treat justification as an

affirmative defense under the revised criminal code.

First, we note that the 1978 criminal code revision was primarily a restatement of prior law. *Emery v. Fenton*, 266 N.W.2d 6, 8 (Iowa 1978). Changes made by that revision are not to be construed as altering the law unless the legislature's intent to do so is "clear and unmistakable." *Id.* at 10. Furthermore, "[a]n intent to make a change does not exist when the revised statute is merely susceptible to two constructions." *Id.* We find that the inclusion of the words "without justification" in section 708.1 merely makes the statute susceptible to two constructions; therefore, the language does not signify a "clear and unmistakable" legislative intent to make lack of justification an element of assault.

Moreover, we cannot believe the legislature intended justification to be an element of the offense because such a construction of the statute would be unworkable. Chapter 704 of the criminal code sets forth eight distinct types of justification, ranging from self-defense to the use of force in making an arrest. *See* §§ 704.3–.5, .7–.12, The Code 1979. It is unreasonable to think that the legislature intended to place upon the State the burden of laboriously disproving each of those forms of justification in every prosecution for assault, no matter how unrelated to the facts of the case they may be.

■ We hold that justification is an affirmative defense to assault, as defined in section 708.1, rather than an element of that crime. Accordingly, the next question is whether there was sufficient evidence in the record here to generate a jury question on justification.

■ The justification of self-defense is defined by statute as follows: "A person is justified in the use of reasonable force when he or she reasonably believes that such force is necessary to defend himself or herself or another from any imminent use of unlawful force." § 704.3, The Code 1979. The only possible evidence that unlawful force was used against defendant was deputy Redlinger's testimony that he "grabbed" defendant by the shoulder, and

the testimony of defendant and his passengers that the same officer grabbed defendant by the hair and knocked defendant's head against the car. Defendant argues that he was justified in stomping on the accelerator to retreat from deputy Redlinger's use of unlawful force.

We think it is clear from the record, however, that the jury convicted defendant not because he stomped on the accelerator, but because it believed that defendant, in mid-retreat, deliberately turned the car around and drove it back toward the officers with the intent to seriously injure them. The latter act, of course, could not be considered "necessary" as a matter of self-defense within the meaning of section 704.3. *See* 6 Am.Jur.2d, Assault and Battery § 160 (1963) ("Self-defense may operate as justification only if the act committed by the defendant was defensive, and not where it was retaliatory.")

Accordingly, we conclude there was no evidence in the record to generate a jury question on the justification of self-defense. Trial court therefore properly refused to instruct on that issue.

## II. *Evidence of specific intent.*

■ Defendant next argues that the record contained insufficient evidence of the element of specific intent to inflict serious injury, and that trial court therefore erred in denying his motion for a directed verdict. We disagree. Intent is rarely capable of direct proof and must usually be shown by circumstantial evidence. *State v. Morelock,* 164 N.W.2d 819, 822 (Iowa 1969). Viewing the evidence in the light most favorable to the State, as we must, we find there was sufficient circumstantial evidence in the record to permit a rational factfinder to conclude beyond a reasonable doubt that defendant had the requisite specific intent. *See State v. Robinson,* 288 N.W.2d 337, 339–40 (Iowa 1980); *State v. Jones,* 271 N.W.2d 761, 763 (Iowa 1978).

## III. *Prosecutorial misconduct.*

■ Finally, defendant seeks reversal based on alleged prosecutor misconduct during final arguments. The State contends defendant failed to preserve error on this assignment, and we must agree. As noted by the court of appeals, the closing arguments were not reported, *see* Iowa R.Crim.P. 18(6) (final arguments shall be reported upon request of any party), and no bill of exceptions was filed, *see* Iowa R.Crim.P. 23.1. Moreover, notwithstanding the record made via defendant's recitation of statements attributed to the county attorney and the objections lodged thereto, defendant did not move for a mistrial based upon the potentially troublesome claim of prosecutor misconduct. In fact, after defense counsel made his objections he stated, "I'm not inclined to motion for a new trial." We view this as the strategic choice of counsel to bank on a favorable verdict. Such a tactical decision constitutes a waiver of the purported misconduct. *State v. Phillips,* 226 N.W.2d 16, 18–19 (Iowa 1975).

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.