STATE of Iowa, Appellant,

v.

**Michael Paul WILT, James Joseph Ryan, James Patrick Murphy, Lester Pickering, Dennis Donald Axel, Harding Hyde Ware, and John Dennis Spang, Appellees.**

No. 67991.

Supreme Court of Iowa.

April 20, 1983.

458

Eugene J. Kopecky, County Atty., and John D. Standafer, Asst. County Atty., for appellant.

Francis C. Hoyt, Jr., Appellate Defender, and Fern S. Shupeck, Asst. Appellate Defender, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, LARSON, SCHULTZ, and CARTER, JJ.

REYNOLDSON, Chief Justice.

Upon the State's application we granted discretionary review to examine trial court's ruling that the lawful gambling exceptions of Iowa Code chapter 99B are elements of the offense upon which the prosecution bears the burden of disproof when prosecuting under Iowa Code section 725.7, our general criminal statute on gambling. We affirm in part, reverse in part, and remand for further proceedings.

The seven defendants were charged by information with gambling and betting in violation of Iowa Code section 725.7, on grounds they

did unlawfully and willfully participate in a game for a sum of money, said game being an illegal poker game, said money being more than $50.00 . . . .

Four of the seven defendants filed motions to dismiss, challenging section 725.7 as void for vagueness. They further alleged they were excepted from its provisions because the establishment where the offense allegedly occurred possessed a valid chapter 99B gambling license. Trial court found section 725.7 is not unconstitutionally vague when read in pari materia with chapter 99B and section 725.15, which incorporates by reference the provisions of chapter 99B as exceptions to the crime. Although trial court ruled defendants were not entitled to dismissal of the information because their motions found no basis in Iowa Rule of Criminal Procedure 10, it ruled the chapter 99B exceptions are elements of the offense upon which the State bears the burden of disproof.

This review raises three issues: (1) whether trial court exceeded its authority in adjudicating the burden of proof in response to defendants' motions, (2) whether the chapter 99B exceptions constitute elements of the offense or affirmative defenses, and (3) whether the burden of proof is constitutionally or statutorily imposed on either party.

I. *Trial Court Authority.*

Defendants' motions to dismiss were not preceded by motions for a bill of particulars. The State argues trial court therefore exceeded its authority in adjudicating the burden of proof. Defendants contend the issue is moot and any alleged error is harmless because trial court denied the motions to dismiss.

▉ The test of mootness is whether an opinion would be of force and effect with regard to the underlying controversy. *Wederath v. Brant,* 287 N.W.2d 591, 595 (Iowa 1980); *State ex rel. Turner v. Buechele,* 236 N.W.2d 322, 324 (Iowa 1975). If trial court exceeded its statutory authority in ruling on the burden of proof, as the State contends, its action was void. *State v. Marti,* 290 N.W.2d 570, 581–82 (Iowa 1980); *see State v. District Court,* 271 N.W.2d 704, 706 (Iowa 1978). A ruling on the issue therefore will affect resolution of this controversy, and the State's point cannot be held moot.

Nor do we consider trial court's ruling, if erroneous, harmless. It is true that error against a party may be rendered harmless by subsequent proceedings in a case. *Everhard v. Thompson,* 202 N.W.2d 58, 61 (Iowa 1972). Such subsequent proceedings have not occurred in this case. Although trial court may reconsider its ruling on the burden of proof during later progress of the case, *Avoca State Bank v. Merchants Mutual Bonding Co.,* 251 N.W.2d 533, 539 (Iowa 1977), there is no assurance it will do so. Trial court's imposition of the burden on the State alters the composition of its trial case in chief. We think it necessary to address the propriety of trial court's ruling.

Iowa Rule of Criminal Procedure 10 creates two ways a defendant may attack an

information. Rule 10(6)(c) provides specific procedural grounds for dismissal.[1] If none of the listed grounds are present, the defendant is not entitled to dismissal under this portion of the rule. *State v. Graham,* 291 N.W.2d 345, 349–50 (Iowa 1980). Defendants allege no rule 10(6)(c) grounds, and it cannot serve as the basis for their motions.

■■■ A general ground for dismissal of an information is contained in rule 10(6)(a):

If it appears from the bill of particulars furnished pursuant to this rule that the particulars stated do not constitute the offense charged in the indictment or information, or that the defendant did not commit that offense or that a prosecution for that offense is barred by the statute of limitations, the court may and on motion of defendant shall dismiss the indictment or information unless the prosecuting attorney shall furnish another bill of particulars which so states the particulars as to cure the defect.

At least where a bill of particulars has not been furnished on the prosecution's own motion or by order of court without motion, such a bill on defendant's own motion is a necessary prerequisite to a rule 10(6)(a) dismissal motion. *Graham,* 291 N.W.2d at 350; *see State v. Hall,* 235 N.W.2d 702, 710 (Iowa 1975). Rule 10(6)(a) grants a defendant a second chance to challenge an information, because a necessary predicate of a bill of particulars is a sufficient information. *Marti,* 290 N.W.2d at 578. Defendants' challenge to the information was not preceded by a bill of particulars. Thus, rule 10(6)(a) cannot serve as the basis for trial court's ruling.

It is true, as defendants argue, that we have held a pretrial motion to dismiss is the proper mode for challenging facial validity of a statute. *State v. Allen,* 304 N.W.2d 203, 206 (Iowa 1981) (vagueness attack on sexual abuse statute); *see State v. Sullivan,* 298 N.W.2d 267, 269 (Iowa 1980). These

cases, however, cannot be interpreted to hold that adjudication of statutory exceptions as elements or affirmative defenses may be triggered by motion to dismiss not preceded by a bill of particulars. Defendants' vagueness challenge, separately specified in the motions to dismiss, was overruled by trial court, and is not at issue here. We conclude trial court properly refused to dismiss the information in response to defendants' motions.

Defendants contend that trial court nonetheless could have treated their motions as applications for adjudication of law points and addressed the burden of proof. The State argues defendants never filed such a motion, and a motion to adjudicate law points was improper in any event because it depended on disputed facts.

■■■ That defendants did not formulate their motions as applications to adjudicate law points is not dispositive. Iowa courts may look to the substance of a motion rather than its label. *Allen,* 304 N.W.2d at 206; *Kagin's Numismatic Auctions, Inc. v. Criswell,* 284 N.W.2d 224, 226 (Iowa 1979). A motion for adjudication of law points is allowed in criminal cases under the provisions of Iowa Rule of Criminal Procedure 10(2). The motion lies for resolution of legal issues, and may not be used to resolve factual arguments. *Marti,* 290 N.W.2d at 579. We confine its reach as we do under Iowa Rule of Civil Procedure 105, *State v. Iowa District Court,* 271 N.W.2d at 706, and hold it is appropriate only where material facts are undisputed. *See M & W Farm Service Co. v. Callison,* 285 N.W.2d 271, 274 (Iowa 1979); *IMT Insurance Co. v. Myer,* 283 N.W.2d 316, 318 (Iowa 1979). Contrary to the State's argument, categorization of the chapter 99B exceptions as elements or affirmative defenses, and the related burden of proof, are purely legal issues which trial court properly might adjudicate as law points. *See Julian v. City of Cedar Rapids,* 271 N.W.2d 707, 709 (Iowa 1978); *Wardlow*

---

1. Under rule 10(6)(c), a motion to dismiss will lie:

(1) When the minutes of evidence have not been filed with the information.

(2) When the information has not been filed in the manner required by law.

(3) When the information has not been approved as required under R.Cr.P. 5(4).

*v. City of Keokuk,* 190 N.W.2d 439, 441 (Iowa 1971) (adjudication of proper elements of damages under Iowa Rule of Civil Procedure 105). The State's alleged disputed fact—existence of a valid gambling license—goes to existence of the defense on the merits, as distinguished from the burden of producing the evidence to be considered, or the burden of persuading, using that evidence.

■ Generally the issue whether the State bears the burden of negating a statutory exception as part of its case in chief is coextensive with the issue whether the indictment must negate the exception, and will be adjudicated by challenge to the information or indictment. Annot., 153 A.L.R. 1218, 1342 (1944). Our cases demonstrate, however, that the burden of proof issue may be raised separately by way of motion for directed verdict at the close of the State's case. *See State v. Moorhead,* 308 N.W.2d 60, 62 (Iowa 1981). We think that despite defendants' failure to properly challenge sufficiency of the information, this issue is "capable of determination without the trial of the general issue[s]," and may be raised by application for adjudication of law points. Iowa R.Crim.P. 10(2). We find trial court properly addressed the issue, and proceed to the merits of its ruling.

II. *Categorization of Chapter 99B Exceptions.*

Iowa Code section 725.7 provides:

Any person who participates in any game for any sum of money or other property of any value, or who makes any bet or wager for money or other property of value, or who engages in bookmaking commits a serious misdemeanor.

Exceptions to section 725.7 are incorporated by reference in section 725.15:

Sections 725.5 to 725.10 and section 725.12 shall not apply to any game, activity or device when lawfully possessed, used, conducted or participated in pursuant to chapter 99B.

Chapter 99B includes licensed exceptions for amusement concessions, fair raffles, holders of beer and liquor permits, qualified organizations, annual game nights, and social games at public places. Iowa Code §§ 99B.3–.9 (1981). Other exceptions are provided for certain amusement devices, bona fide contests, and social games at non-public places. Iowa Code §§ 99B.10–.12. The State argues trial court impermissibly found the chapter 99B exceptions elements of section 725.7, thus defeating legislative intent in defining the crime. Defendants contend the chapter 99B exceptions are material to the definition of the offense and must be disproven by the State.

■ We have observed that resolution of the issue whether the State must negate statutory exceptions, absent proof or claim by a defendant invoking the exception, is a baffling problem. *State v. Gibbs,* 239 N.W.2d 866, 867 (Iowa 1976). Whether a particular exception is an element or an affirmative defense is a matter of legislative intent. *Moorhead,* 308 N.W.2d at 63; *Gibbs,* 239 N.W.2d at 867. The legislature has broad latitude, within constitutional limits, in recognizing affirmative defenses and allocating the burden of proof. *State v. Boland,* 309 N.W.2d 438, 440 (Iowa 1981). The legislature is its own lexicographer in defining crimes. *State v. Lee,* 315 N.W.2d 60, 62 (Iowa 1982). We may not qualify a statute or change its terms under the guise of judicial construction. *Sunset Mobile Home Park v. Parsons,* 324 N.W.2d 452, 458 (Iowa 1982); *State v. Hesford,* 242 N.W.2d 256, 258 (Iowa 1976).

The exceptions to section 725.7 are not contained in the text of the offense. Moreover, the statute setting forth the exceptions, section 725.15, merely incorporates by reference the provisions of chapter 99B. Location of the exception outside the clause establishing the offense militates against finding the exception an element of the crime. *State v. DeMarce,* 237 Iowa 648, 652, 23 N.W.2d 441, 444 (1946); Annot., 153 A.L.R. at 1342. Even when contained in the enacting clause, incorporation of an exception by reference normally renders the exception a matter of defense. *DeMarce,* 237 Iowa at 652–53, 23 N.W.2d at 444.

Chapter 99B contains ten different exceptions to section 725.7. Several of these exceptions may be applicable in any particular case. *See State ex rel. Chwirka v. Audino,* 260 N.W.2d 279, 284–85 (Iowa 1977). We will not find the legislature intended to unreasonably burden the State with disproof of multiple varieties of an exception. *State v. Delay,* 320 N.W.2d 831, 834 (Iowa 1982).

In *Moorhead,* 308 N.W.2d at 62–63, we addressed the same issue under the compulsory school attendance provision of Iowa Code section 299.1. That section provides that "[i]n lieu of such attendance such child may attend upon equivalent instruction by a certified teacher elsewhere." Iowa Code § 299.1 (1981). We looked to the general legislative intent underlying the statute— implementing the constitutional mandate of public education for all children—and ruled the equivalent instruction provision merely was intended to provide an exception to the general requirement, thus constituting an affirmative defense. *Moorhead,* 308 N.W.2d at 63. The legislature's definition of the gambling offense is complete upon participation. Iowa Code § 725.7 (1981). The legislature expressly has stated its intent to authorize gambling "only to the extent specifically permitted" by chapter 99B. Iowa Code § 99B.15 (1981). These provisions evince a general intent that gambling be unlawful, and support our conclusion the chapter 99B exceptions constitute affirmative defenses, rather than elements of the crime.

■ Defendants note that in *State ex rel. Chwirka v. Audino,* 260 N.W.2d at 283, we observed "[t]he parties do not dispute the proposition that the State has the burden of proof in this case," and the State specifically had alleged failure to meet the chapter 99B exceptions. *Audino,* however, involved a petition for injunction against nuisance under Iowa Code section 99.1, which textually states its provisions do not apply to games conducted pursuant to chapter 99B. Moreover, the State may bear the ultimate burden of proof even if the initial burden of production is placed on defend-

ants. We hold the exceptions of chapter 99B are affirmative defenses to the section 725.7 gambling offense.

### III. *Burden of Proof.*

Trial court burdened the State with disproving the chapter 99B exceptions, holding they were not affirmative defenses. The State argues defendants constitutionally may and statutorily should bear the burden of proof. Defendants contend placing the burden of persuasion on them would violate their fifth amendment right against self-incrimination and the equal protection and due process guarantees of the fourteenth amendment.

■ Our holding the exceptions of chapter 99B constitute affirmative defenses obviates our consideration of these constitutional issues. *Moorhead,* 308 N.W.2d at 63 n. 1. We consistently have ruled, on common-law grounds, that an affirmative defense places the burden of going forward with evidence, or production, on the defendant, but leaves the burden of persuasion on the prosecution. We apply this rule where the affirmative defense creates an additional legal point for the State to counter, *Moorhead,* 308 N.W.2d at 63 (equivalent instruction); *State v. Reese,* 272 N.W.2d 863, 867 (Iowa 1978) (necessity); *State v. Cooper,* 248 N.W.2d 908, 910 (Iowa 1976) (entrapment); *Gibbs,* 239 N.W.2d at 869 (prescription for drugs); *State v. Vick,* 205 N.W.2d 727, 731 (Iowa 1973) (self-defense), and where assertion of a defense does not relieve the State of its burden of persuasion on an element of the crime. *State v. Templeton,* 258 N.W.2d 380, 383 (Iowa 1977) (intoxication); *State v. Sallis,* 238 N.W.2d 799, 801 (Iowa 1976) (alibi); *State v. Thomas,* 219 N.W.2d 3, 5 (Iowa 1974) (insanity).

The State argues the legislature has placed the burden of persuasion on defendants here, relying in part on *Boland,* 309 N.W.2d at 440–41. In *Boland,* we found the legislature had placed the burden to show lawful taking of fur-bearing animals out of state on the defendants. Section 109.31, the operative statute, expressly placed that burden on the defendants. 309 N.W.2d at

440–41. Here there is no express placement of the burden, but only the exception language present in many other cases where we applied our common-law rule. *E.g., Delay,* 320 N.W.2d at 834; *Moorhead,* 308 N.W.2d at 62–63.

■ The State further argues the variety of defenses available and its difficulty in proving the facts underlying the defenses mandate placing the burden on defendants. The mere fact a variety of defenses is available to, or proof is peculiarly within control of, a defendant is not sufficient to transfer the burden of persuasion, absent express language like that present in *Boland.* In *Delay,* we found the legislature could not have intended that the State undertake laborious disproof of eight different types of justification under Iowa Code chapter 704. 320 N.W.2d at 834. We did not impose the burden of persuasion on the defendants, however. We imposed on them only the burden of going forward with evidence sufficient to raise applicable variations of the defense. *See id.* In *Gibbs,* we placed on the defendant the burden of production of evidence sufficient to raise the prescription exception to a controlled substance offense because underlying facts were available to the defendant and inaccessible to the State. 239 N.W.2d at 868. We did not, however, impose on the defendant the burden of persuasion. *Id.* at 869. Moreover, we are not convinced the chapter 99B exceptions necessarily involve factual matters peculiarly within defendants' knowledge. Section 725.7 is directed at the individuals participating in a game of chance. The majority of the exceptions under chapter 99B involve licenses held by the proprietor of an establishment. Iowa Code §§ 99B.3–.9 (1981).

■ The State cites *United States v. Cartano,* 534 F.2d 788 (8th Cir.), *cert. denied,* 429 U.S. 843, 97 S.Ct. 121, 50 L.Ed.2d 113 (1976), for the proposition defendants bear the burden of persuasion. The *Cartano* court did note that in general, it is a defendant's burden to prove affirmative defenses. It relied, however, on exclusively federal precedent, and made no mention of our common-law holdings. 534 F.2d at 791.

We hold the State bears the burden of persuasion on chapter 99B exceptions once defendants raise them by meeting their burden of "producing sufficient evidence that the defense applies." *Delay,* 320 N.W.2d at 834.

We find no constitutional impediment to imposing the burden of production on defendants. In *Gibbs,* 239 N.W.2d at 869, we quoted *Mullaney v. Wilbur,* 421 U.S. 684, 701, 95 S.Ct. 1881, 1891, 44 L.Ed.2d 508, 521 n. 28 (1975), in holding no burden accrues to the State on an affirmative defense absent production of evidence by the defendant:

> Many states do require the defendant to show that there is "some evidence" indicating that he acted in the heat of passion before requiring the prosecution to negate this element by proving the absence of passion beyond a reasonable doubt. Nothing in this opinion is intended to affect that requirement.

(Citations omitted.)

We have considered all arguments advanced by the parties, but find them unpersuasive. We affirm trial court's placement of the ultimate burden of persuasion on the State as to the chapter 99B exceptions. We reverse, however, so much of trial court's decision that is contrary to our finding the chapter 99B exceptions are affirmative defenses upon which defendants bear the burden of going forward with the evidence. The case is remanded for further proceedings consistent with this opinion. Costs are taxed to defendants.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.