**FELLOWSHIP BAPTIST CHURCH,
et al., Plaintiffs,**

v.

**Robert D. BENTON, et al., Defendants.**

Civ. No. 81–546–C.

United States District Court,
S.D. Iowa, C.D.

Jan. 28, 1988.

Craig Hastings, Ames, Iowa, David Gibbs, Parma Heights, Ohio, for plaintiffs.

Thomas Miller, Atty. Gen. of State of Iowa, Merle Fleming, Asst. Atty. Gen. of State of Iowa, for defendants.

## ORDER

STUART, District Judge.

On September 26, 1985, this Court held that the term "equivalent instruction" in the Iowa compulsory education statute and regulations governing nonpublic education is unconstitutionally vague and may not be used as a compulsory education requirement without further definition. *Fellowship Baptist Church v. Benton,* 620 F.Supp. 308 (D.C.Iowa 1985). The defendants appealed that ruling. While that appeal was pending, the state promulgated regulations entitled "Equivalent Instruction Standards," which became effective February 6, 1986. Iowa Admin.Code 670–63.1 to 63.4. These standards specify the minimum curriculum to be offered in grades one through eight, including for example courses in English, Mathematics and Science. *Id.* The state argues that these regulations render the vagueness challenge moot; plaintiffs contend that the statute is still unconstitutionally vague. The Eighth Circuit, 815 F.2d 485 (1987), remanded the action to this Court for further consideration in light of the newly adopted standards. On December 7, 1987, the Court gave the parties thirty (30) days within which to file briefs on the vagueness issue. The matter is now ready for ruling.

## DISCUSSION

■ In order to determine whether a statute is unconstitutionally vague the Court must consider: (1) whether it gives a person of ordinary intelligence fair warning of what is prohibited, and (2) whether it provides explicit standards for those who enforce it. *State v. Moorhead,* 308 N.W.2d 60 (Iowa 1981). *See also Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). "Literal exactitude or precision is not necessary. Due process requires no more than a rea-

sonably ascertainable standard of conduct." *Knight v. Iowa District Court,* 269 N.W.2d 430 (Iowa 1978).

In *Fellowship Baptist Church v. Benton, supra,* we held that the term "equivalent instruction" failed to give adequate notice to the ordinary man of what is prohibited by the statute. At that time, the Iowa Code, after imposing school attendance on children over seven and under sixteen years of age, provided an alternative:

In lieu of such attendance such child may attend upon equivalent instruction by a certified teacher elsewhere.

I.C. § 299.1 No further definition of "equivalent instruction" was provided. This Court accordingly found that the statute provided insufficient guidance to anyone wishing to comply with it and held the statute to be unconstitutionally vague.

Since that time, state regulations have become effective setting forth standards which define "equivalent instruction." These standards specify that the children must be taught by a certified teacher, must be taught the minimum curriculum as listed, and must fulfill specified minimum attendance requirements. The standards further provide that the teacher shall allocate institutional time as appropriate to the needs of the pupil. The local school board shall have the annual duty of determining whether these children are in fact receiving equivalent instruction by reviewing course work, test results, or by any other reasonable method. *See* Iowa Admin.Code 670–63.1 to 63.4.

In determining whether a state law governing private school attendance is constitutional the Court must apply a balancing test. "There is no doubt as to the power of a state, having a high responsibility for the education of its citizens, to impose reasonable regulations for the control and duration of basic education." *Wisconsin v. Yoder,* 406 U.S. 205, 213, 92 S.Ct. 1526, 1532, 32 L.Ed.2d 15 (1972). But before a school can be required to submit to these regulations, the state must place private schools on notice of the nature and extent of the necessary minimum standards. *Johnson v.*

*Charles City Comm. Schools Bd.,* 368 N.W.2d 74 (Iowa 1985). Additionally, the First Amendment entitles parents to educate their children at private religious schools they have established. See *Johnson, supra* at 76. "The same guarantees accord them the right to operate the school with minimal necessary supervision by the state." *Id.*

As the sensitive area of freedom of religion is involved, state regulation must not be so vague that uncertain meanings lead citizens to steer far wider from the unlawful zone than if the boundaries were clearly marked, *Gravned v. City of Rockford, ibid* 408 U.S. at 109, 92 S.Ct. at 2299, nor so extensive that the free exercise of religion is unduly burdened. *See e.g. State v. Whisner,* 47 Ohio St.2d 181, 351 N.E.2d 750 (1976) (regulation allocating instructional time almost to the minute held to unduly burden free exercise of religion). The new regulations avoid both of these constitutional prohibitions.

After considering the State's role in regulating private schools, the Court finds that the new standards provide sufficient notice to private schools of how to comply with the minimum regulations and provide sufficiently explicit standards for those who enforce it. Whatever vagueness may inhere in the statute as now defined by the regulations appears "reasonably necessary to embrace all its legitimately intended objectives without creating any encyclopedic and unwieldy" statute. *Fantasy Book Shop, Inc. v. City of Boston,* 652 F.2d 1115, 1123 (1st Cir.1981). Accordingly, the Court holds that the statute is no longer unconstitutionally vague.

IT IS SO ORDERED.