612 F.Supp. 379 (1985)
David E. ELLIS, et al., Plaintiffs,
v.
Joseph O'HARA, et al., Defendants.
No. 84-690C(1).
United States District Court, E.D. Missouri, E.D.
July 5, 1985.
Arnold T. Phillips, Jr., St. Louis, Mo., for plaintiffs.
William D. Kimme, Washington, Mo., William E. Cornwell, Nancie D. Algur and Margaret Keate, Jefferson City, Mo., Denis C. Burns, Brent W. Baldwin, David A. Koester, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This matter is now before the Court on the motion of plaintiffs for summary judgment. Plaintiffs asked the Court to declare the Missouri compulsory education statute, § 167.031 R.S.Mo. (1978) void for vagueness and overbreadth.
Plaintiffs include the parents and children of two families and an organization known as Families For Home Education (FHE). The parents are Christians who removed their children from public schools in order to pursue a course of home instruction. The parents' decision to educate their children at home stems from their belief that public education promotes teachings, ideas and values which are contrary to their religious convictions. They thus turned to home education as a means of instilling their own religious values and beliefs into their children. As a result of their actions, local school districts and various *380 state and juvenile officials have investigated plaintiff families and have instigated proceedings against the parents for educational neglect. The ultimate sanction which the state may impose upon the parents for educational neglect is the removal of the children from their households. Plaintiffs object not only to the authority of state officials to remove children from homes, but to the investigations conducted into the instructions and curriculums offered by the parents, as well.
The plaintiffs have challenged the constitutionality of the Missouri compulsory education statute, which provides in part:
Every parent, guardian or other person in this state having charge, control or custody of a child between the ages of seven and sixteen years shall cause the child to attend regularly some day school, public, private, parochial or parish, not less than the entire school term of the school which the child attends or shall provide the child at home with regular daily instructions during the usual school hours which shall, in the judgment of a court of competent jurisdiction, be at least substantially equivalent to the instruction given children of like age in the day schools in the locality in which the child resides.
§ 167.031 R.S.Mo. (1978). Plaintiffs complain that the statute unnecessarily impinges upon their first amendment rights to direct the educational upbringing of their children and to enjoy the free exercise of their religious beliefs. They further contend that the statute leaves them vunerable to prosecution without the benefit of adequate guidelines for their actions. Plaintiffs have attacked the statute on its face, and thus assert that their claims are ripe for summary judgment.

Vagueness
Plaintiffs maintain that § 167.031 is unconstitutionally vague because of its use of the terms "substantially equivalent" to describe the level of instruction required for children educated at home. Neither regulations nor guidelines have been promulgated to assist in the interpretation of this language. Plaintiff parents argue that they are subject to criminal prosecution with insufficient direction as to what is demanded of them. They further contend that the enforcement of the statute is left to the pure discretion of local school districts and other enforcement officials. Plaintiffs wrote to a number of local school districts charged with the task of investigating alleged cases of educational neglect under § 167.031. See § 210.167 R.S.Mo. (1984). The school districts uniformly indicated that the Missouri Department of Elementary and Secondary Education has not issued guidelines which clarify the meaning of substantially equivalent instruction. Nor have the Missouri courts shed light upon the meaning of these terms as employed in the statute.
A statute is unconstitutionally vague when it commands or proscribes conduct in terms so vague that persons "of common intelligence must necessarily guess at its meaning and differ as to its application." Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). See also Zwickler v. Koota, 389 U.S. 241, 249, 88 S.Ct. 391, 396, 19 L.Ed.2d 444 (1967). The Vagueness doctrine also applies to statutes which lack minimal guidelines for their enforcement. Kolender v. Lawson, 461 U.S. 352, 358, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 309 (1983); Smith v. Goguen, 415 U.S. 566, 578, 94 S.Ct. 1242, 1249, 39 L.Ed.2d 605 (1974). The absence of sufficient guidelines allows law enforcement officials, prosecutors and judges to "pursue their personal predilections." Smith v. Goguen, 415 U.S. at 575, 94 S.Ct. at 1248. In addition, federal courts are bound by clarifying interpretations given to statutes by state courts which remove constitutional infirmities. Grayned v. City of Rockford, 408 U.S. 104, 110, 92 S.Ct. 2294, 2300, 33 L.Ed.2d 222 (1972); Gooding v. Wilson, 405 U.S. 518, 520, 92 S.Ct. 1103, 1105, 31 L.Ed.2d 408 (1972). A more stringent vagueness test applies to statutes which affect the exercise of constitutionally protected rights and to statutes which carry *381 criminal penalties. Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc. 455 U.S. 489, 499, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982); Grayned v. City of Rockford 408 U.S. at 109, 92 S.Ct. at 2299.
In applying these principles, this challenge to the Missouri compulsory education statute on vagueness grounds commands a stringent scrutiny by this Court because the constitutional right of parents to direct the upbringing of their children and to inculcate religious and educational values in their offspring is implicated. Wisconsin v. Yoder, 406 U.S. 205, 232, 92 S.Ct. 1526, 1541, 32 L.Ed.2d 15 (1972); Pierce v. Society of Sisters, 268 U.S. 510, 534-35, 45 S.Ct. 571, 573, 69 L.Ed. 1070 (1925). In addition, although holding that the statute does not carry criminal penalties, a Missouri court conceded that the statute does affect the constitutional interests just described. In re Monnig, 638 S.W.2d 782, 788 (Mo.App.1982). In view of the fundamental interests implicated by the statute, this Court concludes that § 167.031 is unconstitutionally vague.
Under the Missouri scheme of legislation, cases of suspected educational neglect in the home school context are turned over to the appropriate local school district for investigation. Following the investigation, the school district has discretion to transfer responsibility of the case to the prosecutor. § 210.167 R.S.Mo. (1984). The local school district is thus initially charged with ensuring that parents comport with the requirements of § 167.031, and that children educated at home receive a substantially equivalent education to the day schools in the particular locality. Nowhere is substantially equivalent defined, however, or are regulations promulgated which clarify its meaning. Nor have the Missouri courts furnished edification regarding the meaning of the statute. In this respect, the statute subjects the exercise of a fundamental right to an unascertainable standard. Coates v. City of Cincinnati, 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971). The parents have not been equipped with an adequate definition of substantially equivalent to inform them of their obligations under the statute. Of even greater significance, however, is that the Legislature has not provided minimal guidelines for law enforcement. Kolender v. Lawson, 461 U.S. at 358, 103 S.Ct. at 1858. This statute represents a prime example of legislation which yields an unacceptable amount of discretion to officials charged with its enforcement. The statute, therefore, does not comply with due process requirements, and is unconstitutionally vague.
Defendants rely heavily upon Bangor Baptist Church v. State of Maine, Department of Education and Cultural Services, 549 F.Supp. 1208 (D.Me.1982), where the court upheld a statute requiring students not attending public schools to receive "equivalent instruction" against a vagueness challenge. The court found that the term "equivalent" was not so vague that persons had to guess its meaning. Id. at 1227. The case is distinguishable from the facts of the instant case, however, because numerous guidelines and regulations were established describing the enforcement of the statute therein. In addition, the Maine education laws are more elaborate than those of Missouri, and describe public school requirements in greater detail than do the Missouri statutes. For these reasons, it is much easier to comprehend the meaning of the term substantially equivalent within the Maine statutory scheme than under the Missouri legislation. Thus, Bangor Baptist Church, is not directly applicable to the instant claims.
The only other authority which specifically scrutinizes the use of the terms "equivalent instruction" in a compulsory education statute is State v. Moorhead, 308 N.W.2d 60 (Iowa 1981). In Moorhead, the state court interpreted the statute and held that equivalent instruction refers to public school instruction. There are detailed requirements for public school instruction which establish reasonable guidelines for deciphering the meaning and enforcing that statute. This Court concludes, however, that the Missouri statute is not so *382 readily comprehensible. For these reasons, the authorities cited by defendants are not persuasive.

Overbreadth
Plaintiffs additionally argue that the statute is overbroad and should be stricken for this reason as well. Plaintiffs describe § 167.031 as being overbroad in that the statute "in all its applications directly restricts protected first amendment activity and does not employ means narrowly tailored to serve a compelling governmental interest." Maryland v. Joseph H. Munson Co., Inc., ___ U.S. ___, 104 S.Ct. 2839, 81 L.Ed.2d 786 (1984). In considering plaintiffs' contention, this Court must essentially determine whether the statute unnecessarily impinges upon plaintiffs' first amendment right to direct the religious upbringing of their children. See, e.g., New York v. Ferber, 458 U.S. 747, 773, 102 S.Ct. 3348, 3363, 73 L.Ed.2d 1113 (1982); Village of Schaumburg v. Citzens For A Better Environment, 444 U.S. 620, 100 S.Ct. 826, 63 L.Ed.2d 73 (1980); Erznoznik v. City of Jacksonville, 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975). This Court recognizes that plaintiffs have a fundamental first amendment interest at stake in their claim, yet they concede the state has a compelling interest in insuring that children in the state receive an appropriate education. See Wisconsin v. Yoder, 205 U.S. at 213, 92 S.Ct. at 1532; Duro v. District Attorney, Second Judicial District of North Carolina, 712 F.2d 96 (4th Cir.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 998, 79 L.Ed.2d 230 (1984). Because the statute is unconstitutionally vague, this Court need not determine whether it is as narrowly drawn as possible to avoid any unnecessary impingement upon plaintiffs' constitutional rights. Nor have plaintiffs suggested to the Court or presented evidence on how an education statute may be more closely tailored to accomplish its intended purpose. For these reasons, this Court limits its holding to the vagueness question.
In conclusion, this Court declares that portion of § 167.031 R.S.Mo. (1978), which relates to home education, void for vagueness. There is no alternative statutory provision for home education in Missouri. Plaintiffs have not briefed the issue of whether a state must necessarily provide for home education, however. Therefore, this Court transfers to the Legislature the responsibility of considering plaintiffs' continuing desire to educate their children at home.
Because the Legislature has expressed a desire to allow parents to educate their children at home, this Court shall stay the effective date of this order until May 15, 1986, which is the final date of the 1986 Missouri Legislative Session. In staying the effective date of this order, parents may continue to educate their children at home in the same manner as they are currently doing, until May 15, 1986, or until the Legislature enacts a new statute, whichever occurs first.