**John JEFFERY, et al., Plaintiffs,**

v.

**Thomas O'DONNELL, et al.,
Defendants.**

**Civ. No. 86–1560.**

United States District Court,
M.D. Pennsylvania.

Aug. 24, 1988.

See also 702 F.Supp. 513.

Gregory Reed, Harrisburg, Pa., Home School Legal Defense Ass'n, Michael P. Farris, J. Michael Smith and Christopher J. Klicka, Great Falls, Va., for plaintiffs.

Edwin A. Abrahamsen, Abrahamsen, Moran, Connolly & Connolly, P.C., Scranton, Pa., for Thomas McDonnell.

Marshall, Dennehey, Warner, Coleman & Goggin, Robert G. Hanna, Jr., Philadelphia, Pa., Frank J. Lavery, Jr., Harrisburg, Pa., for Warner Stark, Wyalusing Area School Dist., Thomas O'Donnell, Harry Harhigh, Dr. Walter Curfman and Dr. Merrill Arnold.

Eugene N. McHugh, Steve Russell, Pa. School Boards Assoc., New Cumberland, Pa.

James Himes, Huntingdon, Pa.

Fred Gutshall, Huntingdon, Pa.

Sally Akan, Philadelphia School District, Philadelphia, Pa.

Steven Hutzelman, Plate & Shapira, Erie, Pa.

Steven S. Russell, Chief Staff Counsel for Pa. School Board Ass'n, New Cumberland, Pa., for Pa. School Bd. Ass'n.

John Diefenderfer, Newton, Pa., for Ft. LeBoeuf School Dist., Centennial School Dist., South Butler, Phil. School Dist., South Eastern School Dist., Scranton School Dist., Centennial School Dist. and Tussex Mtn. School Dist.

Robert G. Hanna, Jr., Frank Lavery, Jr., Philadelphia, Pa., for Thomas O'Donnell, Walter Curfman, Harry Harhigh, Fort Le-Boeuf School District, Dr. Merrill Arnold and James Wolf.

Michael Levin, Abington, Pa., for Merrill S. Arnold, South Butler School Dist. and Pa. School Bds. Ass'n, amicus.

Harry S. Tischler, Asst. Gen. Counsel, School Dist. of Pa., Bd. of Educ., Philadelphia, Pa., for Constance Clayton.

John Krisa, Bonni Shelp, Blakely, Pa., for Joseph Como.

Robert G. Hanna, Jr., Laura Lubow, Marshall, Dennehey & Warner, Philadelphia, Pa., for Dr. Luther B. Sowers as Superintendent of the South Eastern School Dist., and Constance Clayton.

Thomas W. Scott, Harrisburg, Pa., for Pennsylvania State Educ. Ass'n, amicus curiae.

## MEMORANDUM AND ORDER

KOSIK, District Judge.

### INTRODUCTION

This is a civil rights action commenced by plaintiffs under 42 U.S.C. § 1983 in which they seek both declaratory and injunctive relief; the former challenging the constitu-

tionality of Pennsylvania's Compulsory Attendance Law, 24 P.S. § 13–1327, specifically the private tutorial provision, and the latter to prevent defendants from instituting criminal truancy actions against any plaintiff arising out of a violation of the law under challenge in this action.

Plaintiffs are Bible-believing Christians who profess that they are motivated to educate their children at home [1] because of sincere religious beliefs. For the most part plaintiffs are all part of the mainstream of society. Except for their beliefs, they are not part of a commonly established religious sect. At various times some plaintiffs, as well as their children, attended public or private religious schools; some want their children to attend college. None of the varied established religious sects with which plaintiffs may be associated advocate a policy that children be educated at home. All plaintiffs claim the requirements of the state law are unconstitutional.

Defendants are superintendents of the various school districts in which plaintiffs reside. Pursuant to the Pennsylvania Compulsory Attendance Law, supra, defendants are empowered with the discretionary authority to authorize private tutorial education.

Defendants have counterclaimed asking for declaratory and injunctive relief against plaintiffs to compel compliance with the Pennsylvania statute.

Plaintiffs filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56. Defendants have filed a similar motion. The main thrust of the plaintiffs' attack is that the Pennsylvania law is unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. In addition, plaintiffs urge that the statute violates the Free Exercise and the Estab-

lishment Clause of the First Amendment, the Fourteenth Amendment in other particulars, the Fourth Amendment, and the Ninth Amendment of the United States Constitution.

The defendants, joined in amicus curiae by the Pennsylvania School Boards Association, urge that we hold the Pennsylvania statute constitutional in every respect, or in the alternative, that we abstain under the doctrine of *Railroad Commission v. Pullman,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).[2]

### I.

■ We have given consideration to all of the plaintiffs' constitutional claims and conclude that, except for one, they are without merit for the reasons and authorities cited by the defense.

■ With respect to the single constitutional claim in which we find merit, we conclude that the Pennsylvania law in question is unconstitutionally vague for the following reasons.

Title 24 P.S. Section 13–1327 provides in pertinent part that:

"...[E]very child of compulsory school age having a legal residence in this Commonwealth, as provided in this article, and every migratory child of compulsory school age, is required to attend a day school in which the subjects and activities prescribed by standards of the State Board of Education are taught in the English language.

.    .    .    .    .

Regular daily instruction in the English language, for the time herein required, by a *properly qualified private tutor,* shall be considered as complying with the provisions of this section, if such instruction is satisfactory to the

---

1. The parties have engaged in a semantic exercise over home education and private tutorial education. Section 13–1327 does not specifically provide for home education, but allows for private tutorial education which, depending on where it is administered, may conceivably be in a home.

2. Because the Compulsory Attendance Law is at least quasi-penal, we would have been inclined to consider a motion to abstain had it been filed earlier in the litigation. However, where, as here, we have the First Amendment implicated, we consider abstention inappropriate at this time. *Zwickler v. Koota,* 389 U.S. 241, 252, 88 S.Ct. 391, 397, 19 L.Ed.2d 444 (1967).

proper district superintendent of schools." [Emphasis added].

The Pennsylvania Department of Education has issued regulations which lack definition of a "qualified private tutor," but provide for pupils not enrolled in public schools due to private tutoring. Such regulations state that private tutoring by a properly qualified tutor shall be subject to the annual approval of the District Superintendent of Schools, and that the Superintendent's approval of a tutor shall be acceptable evidence of the tutor's ability to teach. 22 Pa.Code Section 11.31.

█ A challenge predicated on vagueness which is claimed to be unconstitutional implicates principles of due process stated in *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). In that case the Court said:

It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges and juries for resolution on an *ad hoc* basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a statute "abut[s] upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of [those] freedoms." Uncertain meanings inevitably lead citizens to " 'steer far wider of the unlawful zone' ... than if the boundaries of the forbidden areas were clearly marked." 408 U.S. at 108–109, 92 S.Ct. at 2298–2299.

Similarly, a statute may neither forbid nor require the doing of an act in terms so vague that persons "of common intelligence must necessarily guess at its meaning and differ as to its application...." This results in the violation of the first essential of due process of law. *Connally v. General Construction,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). In the same context, the degree of vagueness that the Constitution will tolerate depends in part on the nature of the enactment. As the Court recognized in *Grayned,* when First Amendment rights are affected by the enforcement of a statute, the state law will be held to a higher standard of specificity than might be the case if purely economic regulation was at issue. The reason being that in such cases the consequences of imprecision are qualitatively more severe. *Village of Hoffman Estates et al. v. The Flipside, Hoffman Estates, Inc.* 455 U.S. 489, 498–499, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982). Although we have rejected plaintiffs' First Amendment arguments here, the amendment is indeed implicated at any time the rights of parents and religious freedom conflicts with the right of the state in exercising its legitimate power to set standards for education. *Wisconsin v. Yoder,* 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972).

In *Blackwelder v. Safnauer,* 689 F.Supp. 106 (N.D.N.Y.1988), the Court was confronted with legal issues identical with those involved here. It held that the New York law did not infringe upon the First Amendment rights of parents who for religious reasons chose to teach their children at home. Significant to our case was the comparable challenge to the New York law on the grounds that the statute was void for vagueness when it required that home schooling be provided by a "competent" teacher and that it be "substantially equivalent" to the education provided in the public schools. The court rejected the vagueness challenge and held that it was sufficiently comprehensible. Underlying this determination, however, is the court's emphasis on the fact that New York's compulsory education law had been supplemented by extensive regulations promulgated by the Department of Education. Because

parties had the ability to clarify the meaning of the statute through regulations and an administrative process, it helped to ameliorate any vagueness problems that might otherwise be created by the language. In New York, determinations were subject to review by the commissioner of education of the state. The state provided general advisory guidelines for the establishment of home schooling. These guidelines delineated the type of information that parents must supply to an approving local superintendent when the home schooling alternative was sought. This included a description, background, experience and credentials of the teacher, and a plan for evaluating the academic progress of the child taught at home.

Plaintiffs claim that the Pennsylvania statute which provides for tutorial education by a "properly qualified private tutor" and instructional standards satisfactory to the proper district superintendent of schools leaves them with as many definitions of qualifications for tutors and instructional standards as there are district superintendents. It is conceded that in Pennsylvania the only appeal afforded from the judgments of the various district superintendents is to the courts under their general jurisdictional powers, as opposed to an appeal provided by statute or uniform regulations. Plaintiffs assert without challenge that discovery established the following:

1. The Chief of the Division of Nonpublic and Private School Services in the Department of Education states that in response to school district inquiries about tutorial or home schooling he provides superintendents with a packet with various documents from seven different school districts. Each represents a unique policy, and there is no discernable pattern among them.

2. A total of thirty-four [34] different school policies on home schooling exists. With respect to providing a "properly qualified private tutor," seven [7] districts require that the parent possess a valid teaching certificate. In the case of defendant Como, Superintendent of the Carbondale Area Schools, he requires the tutor to be certified in Pennsylvania. The Scranton School District follows a similar policy, but would not accept a tutor with a Pennsylvania teaching certificate for private schools only. In Philadelphia a certificate is now required, while previously a college education was sufficient. The Tussey Mountain District requires certification, but will accept any state's certification.

A few districts require a degree. Others simply require some college education. The Hazelton District does not require a certificate, but insists on a professionally prepared curriculum. In the Southeastern District parents need not be certified, but they must hire a certified teacher to supplement their program for five hours a week. Fort LeBoeuf District looks for quality, but not necessarily certification.

The disparity continues without further elaboration here. The Chief of the Division of Nonpublic and Private School Services offered in his deposition that each superintendent determines qualifications of the private tutor without a statewide policy to follow. Of the 501 districts in Pennsylvania, he suggests that there may be as many as thirty-six [36] different interpretations. He has heard everything that one can imagine, from persons qualified with an eighth grade education to Ph.D.'s. One need only convince the superintendent of his qualifications to teach. There is no appeal, and he is unaware of any school board's authority to override the superintendent.

Although the plaintiffs' complaint only asserts vagueness as to the qualifications of the private tutor, they argue that vagueness also exists as to the curriculum which need only be "satisfactory" to the superintendent. Disparity abounds. What can be satisfactory in one district could be totally unsatisfactory in another. The defendants claim that traditionally education requires local input, and that all the law requires is the approval of the superintendent of each district. Plaintiffs do not dispute vagueness on this ground. Rather, they assert vagueness because neither parents nor the

district superintendents have a standard by which to know what is satisfactory.

The ultimate conclusion one must reach concerning tutorial education in Pennsylvania is that, absent definition in the statute itself, and failing supplementary support from regulations promulgated by the Department of Education, the law providing for such education is unconstitutionally vague. All the values of *Grayned* have been offended. A person of ordinary intelligence cannot reasonably steer between the lawful and unlawful to avoid criminal prosecution. There exists no standards for determining who is a qualified tutor or what is a satisfactory curriculum in any district. Superintendents of school districts, while exercising a legitimate and constitutional function of managing their districts according to the unique character of each district, nevertheless make their decisions on an *ad hoc* basis which can result in the dangers of arbitrary and discriminatory application. While some circumstances allow the luxury of awaiting judicial clarifications, the threat to sensitive First Amendment freedoms mandates judicial intrusion in the form of declaring the particular provision of the law unconstitutional for vagueness.

In our discussion and analysis, we do not cite *Blackwelder v. Safnauer*, supra, as precedential. Rather, we refer to it as a case with comparable issues, and in particular for the factors considered by the court which allowed a conclusion precluding a declaration of unconstitutionality where the words of legislation were lacking in precise definition. Be that as it may, we have considered holdings where vagueness either required a declaration of unconstitutionality or warranted its consideration. [*See, Fellowship Baptist Church v. Benton*, 620 F.Supp. 308, 318 (D.C.Iowa, 1985), *affirmed in part*, 815 F.2d 485, 495–496 (8th Cir.1987). (Term "equivalent instruction" unconstitutionally vague, but remanded for further consideration in light of newly adopted standards by the state); *Ellis v. O'Hara*, 612 F.Supp. 379 (D.C.Mo., 1985), (Reversed and remanded to consider mootness in light of legislative action); *Wisconsin v. Popanz*, 112 Wis.2d 166, 332 N.W.2d

750 (1983), (Term "private school" vague where regulations and statute do not define, and each district administrator compiled a list by his own individual standard); *Minnesota v. Newstrom*, 371 N.W.2d 525 (Minn.1985), (Phrase "essentially equivalent" held vague); and *Ohio v. Schmidt*, 29 Ohio St.3d 32, 505 N.E.2d 627 (1987), (Majority found no violation of the Free Exercise Clause to the First Amendment based on the central issue of whether delegation of discretionary authority given local superintendents of schools infringed on religious freedom. However, the statute provided for judicial review to measure whether the conduct was arbitrary and capricious.) ]. We cite this case because the dissent considered the phrase "person qualified to teach" in reference to the standard applicable to teachers. It was not considered by the majority. The dissent's reasoning, applicable here, held the phrase to be unconstitutionally vague.

## II.

The counterclaim of defendants would have us declare that plaintiffs are in violation of the tutorial provisions aforesaid, and that they should be compelled by this court to comply with its provisions. Having concluded that the tutorial provision is unconstitutionally vague, we could not grant defendants relief if this litigation were to continue. Accordingly, as a necessary result of our conclusion as to vagueness, the defendants' counterclaim will be dismissed.

## III.

Because there is no alternative statutory provision for tutorial education in Pennsylvania, and since the legislative intent is to permit tutorial education, including such instruction in a home setting, we do not mean for this ruling to end tutorial education under the statute. We do intend by this ruling to grant the requested declaratory relief by holding that the statute is unconstitutionally vague in the particulars discussed earlier. In this context plaintiffs, as well as others, are permitted a legitimate defense to criminal prosecution.

Accordingly, in this case, defendants are enjoined from pursuing criminal prosecution of the plaintiffs.

Since we believe the legislative intent for tutorial schooling exists in Pennsylvania, we shall stay the effective date of the order which follows, except for that portion which pertains to the prosecution of the plaintiffs. The stay will be in effect until December 31, 1988, or until the legislature enacts new legislation or the Secretary of Education promulgates regulations consistent with our Memorandum, whichever occurs first.

## ORDER

NOW, this 24 day of August, 1988, it is hereby ORDERED, ADJUDGED AND DECREED that:

[1] the tutorial provision of the Pennsylvania Compulsory Attendance Law, 24 P.S. 13–1327, as discussed in the accompanying Memorandum is unconstitutionally vague;

[2] the defendants' counterclaims are dismissed;

[3] the defendants are enjoined from pursuing criminal prosecution of the plaintiffs under the provisions of the Pennsylvania statute at issue here;

[4] the effective date of this Order, except for that portion pertaining to the criminal prosecution of plaintiffs, will be stayed until December 31, 1988, or until the legislature enacts new legislation or the Secretary of Education promulgates new regulations, whichever occurs first; either or both events to be consistent with the accompanying Memorandum;

[5] the right of appeal available to both parties is uneffected by this Order if it is determined that no new enactments will occur or the promulgation of new regulations will not take place; and

[6] the Clerk of Court will close the case.