# IN THE COURT OF APPEALS OF IOWA

No. 16-0892
Filed July 19, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JUSTIN JAMES ZOBEL,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

Justin Zobel appeals from his convictions and sentences for domestic abuse assault causing bodily injury, domestic abuse assault, third-degree burglary, and possession of marijuana. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

Justin Zobel appeals from his convictions and sentences for domestic abuse assault causing bodily injury, a serious misdemeanor, in violation of Iowa Code section 708.2A(2)(b) (2016); domestic abuse assault, a simple misdemeanor, in violation of section 708.2A(2)(a); third-degree burglary, a class "D" felony, in violation of sections 716.1 and 716.4; and possession of marijuana, second offense, an aggravated misdemeanor, in violation of section 124.401(4)(m) and (5). Zobel contends the trial court erred in refusing to instruct the jury on the self-defense theory and alleges a number of errors during sentencing. Because we find the trial court did not err in refusing to instruct the jury on the justification defense and find no abuse of discretion or error by the sentencing court, we affirm.

**I. Background Facts & Proceedings.**

Zobel's convictions for third-degree burglary and possession of marijuana were entered pursuant to a written *Alford* plea. The underlying facts of those convictions are not relevant to the appeal. Zobel's domestic-abuse-assault-causing-bodily-injury and domestic-abuse-assault convictions arose from a dispute between Zobel and Katie Barnish in the early morning hours of July 4, 2015, after which Barnish ended up with a black eye. Zobel and Barnish previously dated and have a child together, "G."

At trial, Zobel did not dispute he hit Barnish causing the black eye, but he did dispute the way in which the injury occurred. Barnish testified Zobel punched her in the face after the dispute had progressed outside the house. Barnish

stated she was attempting to walk back inside the home and was holding G. when Zobel intentionally hit her. However, Zobel testified he hit Barnish in the face when she was violently trying to wake him while he was sleeping on the floor of G.'s room. Specifically, Zobel testified:

> Q. And when did you wake up? A. I woke up to being pulled on by my shorts and hit—like hit in the face, hit in the back, hit in the back of the head, and I don't know, just like I said, I can't say exactly how long it was but that's how I was woken.
> . . . .
> Q. And did you know what was going on? A. No, I had no clue. I just knew I was just being hit and yelled at, screamed at.
> Q. What did you do? A. I reacted. I rolled over and threw a punch, first thing I did.
> Q. Did you throw a punch or swing your arm? A. Kind of rolled over and swung to get somebody off me because I had somebody in my face more or less in a reaction . . . .
> . . . .
> Q. When she got hit, was than an intentional act on your part? A. No. It was more of an act in defense.
> Q. So it was accidental? A. I believe so, yes.
> Q. Were you looking at her face at the time your hand struck it? A. No. I just rolled over to defend myself.

Based on the facts as asserted in Zobel's testimony, defense counsel requested that the court instruct the jury on the justification defense. The court refused to give the instruction. The jury ultimately found Zobel guilty on both domestic-abuse counts.

The sentencing hearing was held on May 23, 2016. The court sentenced Zobel to an indeterminate prison term not to exceed five years on the third-degree-burglary conviction, an indeterminate term not to exceed two years on the possession-of-marijuana conviction, a thirty-day sentence on the domestic-abuse-assault conviction, and a one-year term on the domestic-abuse-assault-

causing-bodily-injury conviction, all sentences to be served consecutively. Zobel now appeals.

## II. Jury Instruction.

Zobel first asserts the trial court erred in refusing to instruct the jury on the justification defense. We review the court's refusal to give the requested jury instruction for correction of errors at law. *Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016). "It is error for a court to refuse to give a requested instruction where it 'correctly states the law, has application to the case, and is not stated elsewhere in the instructions.'" *Deboom v. Raining Rose, Inc.*, 772 N.W.2d 1, 5 (Iowa 2009) (citation omitted). "Any error in the instructions given 'does not merit reversal unless it results in prejudice.'" *Id.* (citation omitted).

In refusing defense counsel's request for a justification-defense jury instruction, the court explained:

> As far as the self-defense instruction, there's not been sufficient evidence produced to justify instructing the jury on self-defense. The defendant's testimony, while he used the term self-defense, was that it was basically not—he didn't have a specific intent to commit an assault, that he admitted the fact of striking her, and there weren't the grounds included in his testimony to justify giving that self-defense instruction so that won't be given.

When defense counsel later reasserted the issue, the court further explained:

> As the court indicated yesterday, there are some threshold—or there is a threshold for the evidence to be submitted in order to give the self-defense instruction. The court does not find that that has been met. Further, the defendant's testimony seemed to me he wasn't sure what he was doing and it was kind of instinctive, not an intentional act, so that's a different issue than self-defense and he can certainly pursue that but based on the case law and the court rules, self-defense instruction will not be granted.

The court determined there was not substantial evidence to support the defense theory of justification. We agree the justification defense is not applicable under these facts.

Iowa Code section 704.3 defines the justification defense: "A person is justified in the use of reasonable force when the person reasonably believes that such force is necessary to defend oneself or another from any imminent use of unlawful force." Here, Zobel's testimony stated he accidentally hit Barnish in an attempt to stop her from hitting Zobel in the back of the head and pulling on his shorts. Zobel described his actions in the incident as a "reaction," not as necessary to defend himself. *See State v. Rains*, 574 N.W.2d 904, 915 (Iowa 1998) (concluding there was not substantial evidence to support the submission of the justification-defense instruction because there was "no evidence that defendant had a 'reasonable belief' that force was necessary to defend himself"). During cross-examination, Zobel stated, "I didn't purposely ever intently swing at [Barnish]." In essence, his defense was that his assault was accidental rather than intentional—not that it was justified.[1]

While the jury was not instructed on the justification defense, it was instructed on specific intent. The jury was instructed Zobel could not be found guilty if he did not have the specific intent to cause pain or injury to Barnish and, in turn, specific intent required Zobel to be aware of doing the act and that the act was done voluntarily and with a specific purpose in mind. This instruction

---

[1] *See State v. Delay*, 320 N.W.2d 831, 835 (Iowa 1982) ("Self-defense may operate as justification only if the act committed by the defendant was defensive . . . ." (quoting 6 Am. Jur. 2d *Assault and Battery* § 160 (1963)).

addressed Zobel's argument he did not intend to hurt Barnish but that he was reacting to her violent attempt to wake him. In his closing argument, defense counsel emphasized the argument Zobel lacked the requisite intent:

> [Zobel] woke up to someone hitting him on the back of the head and pulling on his pants to the point that they ripped, he had no idea what was going on and struck out to stop the assault on him. His hand hit Miss Barnish's face and that's when she got injured. He said that he didn't intend to assault her but was only trying to stop from being hit by her any further.

The jury instructions given in this case allowed the jury to properly consider Zobel's recitation of the facts and arguments in defense. The justification defense was not applicable, and Zobel was not prejudiced. Thus, the trial court did not err in refusing to instruct the jury on the justification defense.

**III. Sentencing Errors.**

Zobel also contends the district court erred at sentencing in (1) considering impermissible factors, (2) failing to state the reasons for imposing consecutive sentences, and (3) imposing a domestic-abuse surcharge in the written judgment but not in the oral pronouncement of the sentence.

We review the allegations the court considered impermissible factors and failed to state reasons for the sentence for an abuse of discretion. *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998); *see also State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). We review claims of an illegal sentence for correction of errors at law. *Kurtz v. State*, 854 N.W.2d 474, 478 (Iowa Ct. App. 2014).

*A. Consideration of Impermissible Factors.* Zobel first takes issue with the court's following statement at the sentencing hearing:

There are certainly some things that you have done of late that are going to serve you well long term. My concern is that, as I'm sure you can imagine, pretty [much] everybody that sits there in your chair tells me the same thing, they're sorry, they won't see me again, they've made decisions about how to live their life differently. Some of those people are flat out lying to me. Some of them are very sincere in it but not going to be able to carry it out, and others are sincere about it and they get it done. You know, you've been in and out of courtroom[s] since you were a kid. A lot of your circumstances are unchanged. I think your parents have always supported you, have been there for you, sometimes I imagine probably a little bit to your detriment, that you might be further along if you had to struggle a little bit more because you do have a very strong safety net in being able to go home. A lot of people in your situation their parents would lock the doors and throw a deadbolt on and pray you didn't break in and steal all their stuff, so you have that, but you've always had that. That's not a new development, and that's not really anything that's in your control; it's their good grace and their good favor and their care for you. . . . [I]n your case, pretty much everything that could be offered to you, has been offered to you, and most of those cases you've chosen not to take advantage of the support and services offered to you and kind of repeated this pattern.

The argument that [defense counsel] makes, and I can't say it's a bad one, you know, there is always the option of sending you to prison [if unsuccessful on probation], but that isn't without risk. We have assault offenses here, we have burglary offenses here, of a business, you know, . . . We have a drug offense, and it's just untold the possible risk that you pose to the community because there's so many issues that you need to work on, and based on all of those considerations, I just don't think that can happen in the community.

Zobel first argues the court improperly considered the honesty and success of other defendants sentenced by the court. Zobel contends, "The sentence imposed should be based on the particular defendant who is being sentenced." However, the district court did not conclude that Zobel had more or less likelihood to successfully rehabilitate based on a consideration of other defendants' success. Rather, the court stated the possible range of outcomes regarding attempts to rehabilitate and then continued to evaluate Zobel's specific

circumstances in determining the appropriate sentence in this matter. The court's statement regarding its experience with sentencing other defendants did not constitute an improper consideration.

Zobel also argues the court improperly considered Zobel's relationship with his parents. However, we have previously held a sentencing court did not err in considering a defendant's "upbringing" because it "was in response to the mitigating circumstances offered by [defendant's] counsel." *State v. Scribner*, No. 13-1715, 2014 WL 7343340, at *2 (Iowa Ct. App. Dec. 24, 2014). Similarly here, Zobel first raised the support of his parents as a mitigating factor. The court therefore did not err in subsequently considering Zobel's relationship with his parents.

*B. Stated Reasons for Consecutive Sentences.* Zobel next contends the court did not state the reasons for imposing consecutive sentences as required.

Pursuant to Iowa Rule of Criminal Procedure 2.23(3)(d), the court is required to "state on the record its reason for selecting the particular sentence." However, "[a] statement may be sufficient, even if terse and succinct, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing decision." *State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010), *overruled on other grounds by State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016). Although a "[s]entencing court should . . . explicitly state the reasons for imposing a consecutive sentence, . . . in doing so the court may rely on the same reasons for imposing a sentencing of incarceration." *Hill*, 878 N.W.2d at 275.

Here, the court stated, "I'm going to order that each of these sentences be served consecutively for the reasons I've previously touched on; also, the distinct nature of each of those." The court previously addressed Zobel's age, employment, criminal history, his familial circumstances and support, his positive behavior in jail, and the specific nature of his crimes in determining it was appropriate to impose a sentence of incarceration. The court stated it relied on those reasons and the distinct nature of Zobel's offenses in imposing consecutive sentences. This did not constitute an abuse of discretion.

*C. Discrepancy Between Oral Sentencing Pronouncement and Written Judgment.* Last, Zobel asserts the sentence is illegal because the court did not impose a domestic-abuse surcharge on each of the domestic-abuse-assault convictions in its oral sentencing pronouncement but imposed surcharges in the written judgment. Iowa Code section 911.2B requires the court to "assess a domestic abuse assault, . . . surcharge of one hundred dollars if an adjudication of guilty . . . has been entered for a violation of section 708.2A, 708.11, or 710A.2, or chapter 709." Thus, the sentencing court's sentences for the domestic-abuse-assault convictions by oral pronouncement that did not include the domestic-abuse surcharges were illegal. *See State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995) ("When a court imposes a sentence which statutory law does not permit, the sentence is illegal, and such a sentence is void and we will vacate it."). However, by imposing the required domestic-abuse surcharges in the written judgment order, the district court remedied what would have been an illegal sentence if the surcharges were not imposed. *See State v. Buchanan*, No.

13-1999, 2015 WL 162028, at *3 (Iowa Ct. App. Jan. 14, 2015). We therefore find the sentencing court did not err.

**IV. Conclusion.**

Because we find the trial court did not err in refusing to instruct the jury on the justification defense and find no abuse of discretion or error by the sentencing court, we affirm.

**AFFIRMED.**