# IN THE COURT OF APPEALS OF IOWA

No. 16-0517
Filed August 2, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRUCE ERIC JOHNSON,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Marion County, Martha L. Mertz, Judge.

Bruce Eric Johnson appeals his conviction for assault causing bodily injury, alleging his trial counsel provided ineffective assistance by failing to ensure the appropriate instructions were given to the jury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Bruce Eric Johnson appeals his conviction for assault causing bodily injury, alleging his trial counsel provided ineffective assistance by failing to ensure the appropriate instructions were given to the jury. We affirm.

## I.    Background Facts and Proceedings

This matter arose from an incident that occurred in 2015. Johnson's mother and stepfather had been assisting Johnson financially. When they determined they could no longer do so, they cancelled Johnson's cell phone service. A confrontation between Johnson and his mother and stepfather ensued. Johnson approached his stepfather, as his stepfather was seated at the kitchen table, and struck him in the face. Johnson's mother testified she tried to restrain Johnson's arm, but Johnson flung her against the kitchen counter. Johnson admits walking into the kitchen—where he claims his stepfather had been yelling at him—but contends he struck his stepfather as a reflex. At trial, Johnson argued hitting his stepfather was justified because his stepfather had begun to stand and raise his hands when Johnson approached him, causing Johnson to reflexively hit him. Johnson denied making contact with his mother. Johnson was convicted following a jury trial of one count of assault causing bodily injury, in violation of Iowa Code sections 708.1(2) and 708.2(2) (2015), with respect to striking his stepfather.[1] Johnson appeals.[2]

---

[1] Johnson was found not guilty of assault causing bodily injury with respect to his mother.

[2] In Johnson's brief, he asserts he preserved error on his jury instruction challenges "via the district court's duty to properly instruct the jury on the law." This is incorrect. In order to preserve error for a challenge to the jury instructions, the party must raise the issue before the district court. *See State v. Spates*, 779 N.W.2d 770, 773 (Iowa 2010) ("[W]e have a long-standing requirement that, to preserve error on a trial court's failure to

## II. Standard and Scope of Review

We may consider an ineffective-assistance-of-counsel claim on direct appeal, and our review is de novo. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). "To succeed on a claim of ineffective assistance of counsel, a claimant must establish by a preponderance of the evidence: '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Id.* at 320 (citation omitted).

## III. Analysis

Through the rubric of ineffective assistance of counsel, Johnson raises five challenges to the jury instructions given at trial: (1) the jury should have been instructed on the lesser-included offense of simple assault; (2) a limiting instruction should have been given on the use of impeachment evidence; (3) the instructions did not contain all the necessary elements required to disprove Johnson's claim of justification; (4) the instructions failed to convey the State's burden of proof regarding specific intent; and (5) a cautionary instruction should

---

instruct on a lesser-included offense, 'a defendant must request a lesser-included offense instruction or object to the court's failure to give it.'" (citation omitted)); *State v. Sallis*, 262 N.W.2d 240, 248 (Iowa 1978) ("It is the trial court's duty to instruct a jury fully and fairly, even without request, but our adversary system imposes the burden upon counsel to make a proper record to preserve error, if any, in this factual circumstance by specifically objecting to instructions in their final form, requesting instructions and voicing specific exception in event they are refused."). However, because the complaints are ultimately raised as ineffective-assistance-of-counsel claims, we need not address further this error preservation issue. *See State v. Fountain*, 786 N.W.2d 260, 262–63 (Iowa 2010) ("Normally, objections to giving or failing to give jury instructions are waived on direct appeal if not raised before counsel's closing arguments, and the instructions submitted to the jury become the law of the case. Fountain, however, raises failure to instruct the jury on specific intent in the context of an ineffective-assistance-of-counsel claim. Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules." (citations omitted)).

have been given. Johnson claims these individual errors, and the errors cumulatively, constitute reversible error.

The jury instructions contained a marshalling instruction that provided the following:

> The State must prove all of the following elements of the crime of assault causing bodily injury as to [the stepfather]:
> 1. On or about the 25th day of January 2015, the defendant either did an act which was meant to cause pain or injury, result in physical contact which was insulting or offensive, or place [the stepfather] in fear of immediate physical contact which would have been painful, injurious, insulting or offensive to him.
> 2. The defendant had the apparent ability to do the act.
> 3. The defendant's act caused a bodily injury to [the stepfather] as defined in [another jury instruction].
> If the State has proved all of these elements, the defendant is guilty of assault causing bodily injury as to [the stepfather]. If the State has proved only elements 1 and 2, the defendant is guilty of assault. If the State has failed to prove either element 1 or 2, the defendant is not guilty.

### A. Lesser-Included Offense Instruction

As to Johnson's first claim, the above marshalling instruction explicitly provides direction regarding how the jury could reach a finding regarding the lesser-included charge of assault. Further, the verdict form provided for a finding of not guilty, guilty of assault causing injury, *or guilty of simple assault.* Because this instruction was given, there has been no breach of a duty or resulting prejudice.

### B. Limiting Instruction

In his second claim, Johnson argues his counsel should have sought a limiting instruction regarding the proper use of impeachment evidence based on his affirmative response to the prosecuting attorney's question: "Sir, you've been convicted of a crime of theft or dishonesty in the last ten years, have you not?" In

light of the limited duration of this exchange, it is entirely possible Johnson's attorney elected not to seek a limiting instruction in order to avoid any further focus on Johnson's prior conviction.

However, we need not address whether counsel breached an essential duty by failing to object to this question or request a limiting instruction because we conclude Johnson cannot establish prejudice. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) ("If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element.")  This was an isolated general reference to Johnson's prior criminal history.  Johnson did not dispute that he punched his stepfather in the face, and his only defense was that his actions were justified by the act of his stepfather attempting to stand up and raise his hands.  Even if the question regarding Johnson's prior criminal history was improper and counsel could have successfully argued for a limiting instruction that informed the jury on the proper use of this impeachment evidence, there is no reasonable probability of a different outcome had a limiting instruction been given.  *See State v. Maxwell*, 743 N.W.2d 185, 196 (Iowa 2008) (noting to prove prejudice on an ineffective-assistance claim, a defendant must prove "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different," which means our confidence in the outcome is undermined (citation omitted)).  We thus conclude Johnson has failed to prove prejudice.

### C.    Justification Instruction

Johnson next contends that, though the court instructed the jury on his claim of justification, it "failed to relate the justification to the assault charge or to

inform the jury what they are to do if they found the State had failed to prove lack of justification."

Johnson correctly notes the marshalling instruction lacks any reference to Johnson's claim of justification. Thus, in isolation, it enables a jury to find Johnson guilty without any requirement to consider the impact of his justification defense. The jury was provided an instruction entitled "Justification" that stated:

> A person is justified in using reasonable force if he reasonably believes the force is necessary to defend himself from any imminent use of unlawful force.
> If the State has proved any one of the following elements, the defendant was not justified:
> 1. The defendant started or continued the incident which resulted in injury.
> 2. An alternative course of action was available to the defendant.
> 3. The defendant did not believe he was in imminent danger of death or injury and the use of force was not necessary to save him.
> 4. The defendant did not have reasonable grounds for the belief.
> 5. The force used by the defendant was unreasonable.

Again, Johnson correctly notes this instruction does not inform the jury what impact should result if the jury were to find Johnson was "justified in using reasonable force."

This court has previously considered a similar circumstance in *State v. Gomez*, No. 13-0462, 2014 WL 1714451, at *2 (Iowa Ct. App. Apr. 30, 2014), where "the court did not instruct the jurors how to proceed if they accepted [the defendant's] justification defense." The panel reasoned:

> The marshalling instruction for assault did not include an element that [the defendant] acted "without justification." That omission would not be a problem if the record lacked sufficient evidence to generate a jury question on justification . . . . But in this case the district court properly found sufficient evidence to generate a jury

question on justification. Therefore, the district court would have assisted the jurors by informing them—in the assault marshalling instruction—that they could not convict unless the State proved [the defendant] acted without justification. If a lack-of-justification element is not included in the assault marshalling instruction, then the justification instructions must inform the jurors how to proceed if they find the State did not prove defendant was acting without justification. . . .

In the absence of an element requiring the State to prove the lack of justification, the jury could have mistakenly believed it could convict [the defendant] of assault if the State satisfied the three elements listed in the marshalling instruction. The jury had no guidance on how to apply the free-floating instructions on justification. Accordingly, [the defendant] was prejudiced by his attorney's failure to object to the lack of connection between the assault and justification instructions.

*Id.* at *3 (citations omitted). We would find the court's reasoning in *Gomez* directly applicable, but for one key distinction. In *Gomez*, the panel found "the district court properly found sufficient evidence to generate a jury question on justification." *Id.* Here, the record does not support such a finding.

Iowa Code section 704.3 defines the justification defense: "A person is justified in the use of reasonable force when the person reasonably believes that such force is necessary to defend oneself or another from any imminent use of unlawful force." But Johnson argues his swing was reactionary—a "reflex" that he had no control over; he claimed his actions were an "accident." Accordingly, his argument is more that the punch was unintentional, which does not give rise to a claim of justification. *See State v. Delay*, 320 N.W.2d 831, 835 (Iowa 1982) ("Self-defense may operate as justification only if the act committed by the defendant was defensive . . . ." (quoting 6 Am. Jur. 2d *Assault and Battery* § 160 (1963))). Self-defense assumes the act done is intentional but justified out of

necessity to save oneself from harm. *See State v. Benham*, 23 Iowa 154, 160 (1867).

The facts, even as presented by Johnson, indicate he approached his stepfather while his stepfather was seated at the kitchen table. *See State v. Richards*, 879 N.W.2d 140, 148 (Iowa 2016) (noting the State can prove justification did not exist by proving beyond a reasonable doubt that the defendant initiated the incident that resulted in injury). In addition, there is no indication—or claim—that Johnson's stepfather moved to strike Johnson, only that he raised his hands. *See id.* (providing a defendant is not justified if the State proves "[t]he defendant had no reasonable grounds" to believe "he was in imminent danger of death or injury and that the use of force was not necessary to save him"). Also, there is no evidence Johnson was prevented from simply leaving the premises. *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) (providing a defendant is not justified if the State proves "[a]n alternative course of action was available to the [d]efendant"). To the contrary, Johnson admits he exited the house immediately after striking his stepfather.

Assuming, without deciding, counsel breached a duty in failing to request that the assault marshalling instruction include the lack-of-justification element,[3] we conclude, based on these facts, there is no reasonable probability of a different outcome. *See Maxwell*, 743 N.W.2d at 196. Even accepting Johnson's version of the altercation, his testimony does not establish he was justified in

---

[3] In addition, even in the absence of the inclusion of the justification element in the assault marshalling instruction, during closing arguments defense counsel explained to the jury that if they found his client's actions justified under the instruction given, they had to find him not guilty of assault.

striking his stepfather. Johnson initiated the incident, there was no reasonable basis for Johnson to believe he was in imminent danger of death or injury, and an alternative course of action was available to Johnson that did not involve any risk to life or safety. We conclude Johnson's ineffective-assistance claim on this issue fails.

### D. Specific Intent Instruction

As quoted in its entirety above, the marshalling instruction provides, in relevant part:

> On or about the 25th day of January, 2015, the defendant either did an act which was meant to cause pain or injury, resulting in physical contact which was insulting or offensive, or place [the stepfather] in fear of immediate physical contact which would have been painful, injurious, insulting or offense to him.

Johnson takes issue with the clause "meant to," contending it insufficiently imparts the State's burden to prove he acted with specific intent. Johnson notes the standard Iowa criminal jury instruction employs the language "intended to" where the jury instructions in the instant matter used "meant to."

Johnson argues "meant" is the past participle of "mean" and "mean" can be defined as to "[h]ave as one's purpose or intention." Johnson defines "intended" to mean "done on purpose," and concludes the term is, thus, "better suited to conveying the specific intent concept of committing an act."

As defined by Johnson, we find no meaningful distinction between the two phrases. The definition of "mean" relies upon the terms "purpose" and "intention." *See Mean*, *Webster's Third New International Dictionary Unabridged* (unabr. ed. 2002) (defining "mean" as "to have in the mind esp. as a purpose or intention"). "Intended" is the past participle of "intend," which is defined as "to

have in mind as a design or purpose." *See Intend, Webster's Third New International Dictionary Unabridged* (unabr. ed. 2002). Without a meaningful distinction between the terms, we find no breach by Johnson's attorney or corresponding prejudice.

### E. Cautionary Instruction

Johnson contends his trial counsel breached a duty by failing to request that the trial court include a cautionary instruction saying: "Nothing I have said or done during the trial was intended to give any opinion as to the facts, proof, or what your verdict should be." Johnson goes on to admit "the trial transcript depicts a presiding judge operating in an even-handed manner." After this admission, Johnson identifies no behaviors by the presiding judge that needed to be addressed or cured by such an instruction. Instead, Johnson speculates there might have been such actions. Accordingly, Johnson has failed to prove a breach of duty or prejudice. That is, Johnson has failed to demonstrate "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *See Maxwell*, 743 N.W.2d at 196 (citation omitted).

### F. Cumulative Error

Finally, Johnson argues the above errors cumulatively resulted in prejudice. *See State v. Clay*, 824 N.W.2d 488, 501 (Iowa 2012) ("Iowa recognizes the cumulative effect of ineffective-assistance-of-counsel claims when analyzing prejudice under *Strickland*."). Evaluating the claims made individually and cumulatively, we conclude Johnson has failed to establish the result of the proceeding would have been different if counsel had performed the acts Johnson

claims should have been performed. *See id.* at 501–02 (noting if the defendant raises one or more claims of ineffective assistance and the court analyzes the prejudice prong without considering trial counsel's alleged failures, the court can dismiss the claims only if the alleged errors do not cumulatively amount to prejudice).

**AFFIRMED.**