# IN THE COURT OF APPEALS OF IOWA

No. 17-1533
Filed April 4, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MATTHEW MCKIBBON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.

Matthew McKibbon appeals from his guilty plea to assault causing bodily injury. **AFFIRMED.**

Jeremy B.A. Feitelson of Nelsen & Feitelson Law Group, P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Matthew McKibbon appeals from his guilty plea to assault causing bodily injury. He asserts his trial counsel was ineffective in permitting him to (1) plead guilty when there was an insufficient factual basis for his guilty plea and (2) waive a verbatim record of the plea and sentencing proceedings, thus precluding any potential challenge of his guilty plea. Because the written plea agreement and minutes of testimony establish a factual basis, and McKibbon waived the right to a verbatim record, we affirm.

## I. Background Facts and Proceedings

On August 24, 2017, the State filed a trial information charging McKibbon with domestic abuse assault causing bodily injury, a serious misdemeanor, in violation of Iowa Code sections 708.1, 708.2A(2)(b), and 236.2 (2017). The State also included minutes of evidence, stating a Dallas County Sheriff's Deputy would testify that on August 17, 2017, the deputy investigated a complaint of domestic abuse, McKibbon told the deputy "take me to jail, I hit her," and McKibbon said the complaining witness needed an ambulance. The minutes further stated the complaining witness and another witness would testify that McKibbon became angry with the complaining witness, he began to yell at her, and he assaulted her.

On September 14, McKibbon signed a preprinted "petition to plead guilty to serious misdemeanor" form as to an amended charge of assault causing bodily injury under Iowa Code section 708.2(2). The petition was also signed by McKibbon's counsel. The petition stated, "I am knowingly and intelligently pleading guilty to the charge because I am guilty. I ask the Court to accept my guilty plea." The petition also stated, "I waive my right to have a verbatim record of these

proceedings." On the petition, a notation was marked next to this statement and "verbatim" was underlined. Additionally, the petition stated, "In order to establish a factual basis I ask the court to accept as true the minutes of [evidence], the date of the offense is 8/16/17 and I admit I did the following: in Dallas County, Iowa I slapped [the complaining witness] twice with my hand causing her redness of the ear."

Pursuant to the waiver, the September 14 plea hearing was not reported. The court accepted the plea and, on September 21, entered judgement and sentenced McKibbon to one year in jail, with all but twenty days suspended, and one year of probation plus a fine, costs and surcharges.[1]

McKibbon appeals.

## II. Standard of Review

"Our analysis of an ineffective-assistance claim is de novo. To succeed on an ineffective-assistance-of-counsel claim, a defendant must show: '(1) counsel failed to perform an essential duty; and (2) prejudice resulted.'" *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010) (citations omitted).

## III. Factual Basis

McKibbon asserts his trial counsel was ineffective in failing to file a motion in arrest of judgment, asserting there was an insufficient factual basis for his guilty plea. A guilty plea may not be accepted by a court without the court first determining the plea has a factual basis. Iowa R. Crim. P. 2.8(2)(b). To succeed on the essential-duty prong, McKibbon must demonstrate the record lacks a factual

---

[1] McKibbon was given credit for twenty days already served.

basis to support his guilty plea to assault causing bodily injury. *See State v. Ortiz*, 789 N.W.2d 761, 765 (Iowa 2010). In order to prove assault causing bodily injury, the State must show: (1) McKibbon committed an assault; (2) he had the apparent ability to do the act; (3) he caused bodily injury; and (4) he acted without justification. *See* Iowa Code §§ 708.1(2) (defining the offense of assault generally), 708.2(2) (stating that a person who commits an assault, as defined in section 708.1, and who causes bodily injury or mental illness, is guilty of a serious misdemeanor).

McKibbon argues the court failed to establish a record that the offense occurred without justification and that his counsel was ineffective in failing to challenge the sufficiency of the factual basis and thereby failing to file a motion in arrest of judgment.

We note justification is an affirmative defense to assault rather than an element of the crime. *State v. Delay*, 320 N.W.2d 831, 833 (Iowa 1982). Accordingly, a defendant asserting it has the burden of going forward with sufficient evidence to show the defense applies. *State v. Lawler*, 571 N.W.2d 486, 489 (Iowa 1997). At that time, the burden shifts to the State to disprove the justification defense beyond a reasonable doubt. *Delay*, 320 N.W.2d at 834. Any guilty plea taken in conformity with Iowa Rule of Criminal Procedure 2.8 waives all defenses and objections. *State v. LaRue*, 619 N.W.2d 395, 398 (Iowa 2000). McKibbon argues that without a verbatim record there is no way of knowing whether he asserted a justification. Yet, we note that the written guilty plea signed by McKibbon both waived the right to a verbatim record and asked the court to "accept as true the minutes of [evidence]."

In order to determine if a factual basis exists "we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of [evidence], and the presentence report." *State v. Schminkey*, 597 N.W.2d 785, 588 (Iowa 1999).

Here, the petition to plead guilty, which was signed by McKibbon, included the handwritten statement: "[I]n Dallas County, Iowa I slapped [the complaining witness] twice with my hand causing her redness of the ear." In addition, the minutes of evidence explicitly provide that a named deputy would testify McKibbon said to him, "Take me to jail, I hit her," and two other witnesses would testify that McKibbon initiated the confrontation after becoming upset with the complaining witness. The record lacks any evidence or even a suggestion that McKibbon asserted a justification for the assault. Because the minutes clearly provide a factual basis for McKibbon's plea, his trial counsel was not ineffective for permitting him to plead guilty and, thereby, was not ineffective in failing to file a motion in arrest of judgment.

## IV. Verbatim Record

McKibbon asserts the court erred in failing to create a verbatim record of the guilty plea and sentencing proceedings and his counsel was ineffective in allowing him to waive such a requirement and failing to file a motion in arrest of judgment alleging the same.

The Iowa Rules of Criminal Procedure allow a defendant to knowingly and voluntarily waive important constitutional rights. *See* Iowa R. Crim. P. 2.8(2)(b); *State v. Finney*, 834 N.W.2d 46, 50 (Iowa 2013). If constitutional rights can be waived, so too can lesser statutory rights. *See State v. Hinners*, 471 N.W.2d 841,

845 (Iowa 1991) (stating that "if a defendant can waive such important constitutional rights, the defendant ought to be able to waive a lesser statutory right such as the right of appeal").

Here, McKibbon waived a verbatim record and only faults the absence of a verbatim record to support his challenge to the factual basis supporting his plea. *See Finney*, 834 N.W.2d at 62 (explaining the entire record may be examined in a lack-of-factual-basis claim while a voluntariness claim requires the court to examine the defendant's subjective state of mind at the time of the plea). Because, as discussed above, the record clearly provides a factual basis for McKibbon's plea, his counsel had no duty to object to McKibbon's waiver of a verbatim record of the proceedings nor was counsel ineffective in failing to file a motion in arrest of judgment to assert this claim.

## V. Conclusion

Because a factual basis for McKibbon's plea is found in the record, McKibbon's claims of ineffective assistance of counsel fail.

**AFFIRMED.**